COMMONWEALTH *vs.* JOHN JOSEPH KERRIGAN.

Middlesex.   February 4, 1963. — February 28, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Homicide. Practice, Criminal,* Exceptions: whether error harmful; Charge to jury. *Error,* Whether error harmful.

Upon a review by this court under G. L. c. 278, § 33E, justice did not require a new trial of a capital case where it appeared that in a scuffle ensuing when two men arrested by a police officer attempted to get away from him one of them shot and killed him and one of them escaped; there was evidence warranting a finding that the defendant was the man who killed the officer and then escaped; and the defence was an alibi supported by testimony of the defendant's sister and a friend. [509–511]

After the defendant at a murder trial had admitted on cross-examination that many statements made by him to police before trial were lies, there was no error prejudicial to him in a ruling excluding on redirect examination explanations by him why he had lied to the police where the trial judge later reversed that ruling and stated that he would permit such explanations but the defendant on further redirect examination was not asked any questions along that line. [511–513]

A contention by the defendant in a murder case, that the trial judge committed prejudicial error by stating in a part of the charge that the defendant had not explained the reason for lies to the police which he had admitted on cross-examination, was without merit where it appeared that the defendant had been afforded an opportunity on redirect examination to explain why he had lied and had not availed himself of the opportunity. [513]

INDICTMENT found and returned on May 22, 1963.

The case was tried in the Superior Court before *Fairhurst*, J.

*William E. O'Halloran* for the defendant.

*Richard S. Kelley*, Assistant District Attorney (*Ruth I. Abrams*, Assistant District Attorney, with him), for the Commonwealth.

SPALDING, J.  In the early morning of September 3, 1960, Lawrence W. Gorman, a Cambridge police officer, was leading two men, whom he had just arrested in the Kendall Square area, to a police call box.  Suddenly the men attempted to get away and during the scuffle one of them shot Gorman in the back.  He fell to the sidewalk and when brought to a hospital shortly thereafter was pronounced dead.  Other police officers near by heard the shots, and came at once to the scene of the killing where they observed two men running.  One of the men (Edgar W. Cook), who had been wounded in the scuffle, was apprehended; the other man escaped.  It is the Commonwealth's contention that the man who escaped was John J. Kerrigan.  Subsequently Kerrigan (hereinafter called the defendant) was apprehended and was indicted for the murder of Officer Gorman. The defendant was found guilty of murder in the first degree and since the jury made no recommendation (see G. L. c. 265, § 2) a sentence of death was imposed, the execution of which, as required by G. L. c. 279, § 4, was stayed.[1]  The case comes here on appeal, with a summary of the record, a transcript of the evidence, and an assignment of errors under G. L. c. 278, §§ 33A–33G, as amended.

There are ten assignments of error but the defendant presses only two of them, numbered 8 and 10, which relate respectively to a ruling on evidence and a portion of the charge.  The defendant does not contend that the evidence was insufficient to warrant the verdict.  We have, neverthe-

[1] Other indictments charging an attempt to break and enter in the night time, possession of burglarious implements, unlawful possession of a revolver, and conspiracy to break and enter were tried with the murder indictment, and the defendant was found guilty of these offences.  The present appeal, however, relates only to the murder conviction.

less, carefully reviewed the evidence, conscious of the grave responsibility placed upon us under G. L. c. 278, § 33E. That section "consigns the facts as well as the law to our consideration, gives us the power and the duty exercised by a trial judge upon a motion for a new trial, and requires us to consider the whole case broadly to determine whether there was any miscarriage of justice." *Commonwealth* v. *Cox,* 327 Mass. 609, 614. *Commonwealth* v. *Gricus,* 317 Mass. 403, 406–407. *Commonwealth* v. *Chester,* 337 Mass. 702, 713.

In compliance with this mandate we turn to a discussion of the evidence. The defendant concedes that Officer Gorman was shot and killed by one of two men whom Gorman had apprehended in the Kendall Square area. Nor does he dispute that the two men had just before that attempted to break and enter Symmes Restaurant in that area. Many persons observed the two men and the officer and, though they could not positively identify the defendant, their general description of the men was consistent with a general description of the defendant and Cook. Cook, as stated, was apprehended while escaping from the scene of the crime, and, upon interrogation by the police, admitted that he was present at the shooting, but stated that the fatal shot was fired by his accomplice whom he did not identify.[1] The defendant admitted that he knew Cook and had accompanied him to Symmes Restaurant on the day before the murder. On May 14, 1961, while in the East Cambridge jail awaiting trial, Cook escaped and in doing so killed one of the guards. The defendant admitted that he aided Cook after his escape, that he brought him, with a supply of food and clothing, to the apartment of John W. Fratus at 41 Bay State Road, Boston, and that while there he conversed with Cook in the presence of Fratus. Fratus testified that he overheard a conversation between Cook and the defendant in which the

---

[1] What Cook told the police, of course, was hearsay, but this evidence was admitted without objection and no question is presented touching its admissibility. This line of inquiry was opened up by the defendant and the judge ruled that, if part of the conversation came in, all of it would be admissible. The defendant assented to this ruling.

defendant admitted firing the fatal shot and said that he was sorry he was so slow in getting at his gun, for if he had been quicker Cook would not have been shot.

The defendant was arrested twice in connection with the murder. The first time was on the day of the murder and after interrogation by the police he was released. The second arrest was on May 17, 1961, when he was also questioned by the police. At the trial he admitted that he had told the interrogating officers many lies concerning his relationship with Cook and Fratus. He conceded that he had lied when he told them that he had not seen Cook for at least a week prior to the murder. He admitted having lied concerning his whereabouts on the day before the crime. He also admitted that he told them many falsehoods concerning his conduct and whereabouts in May, 1961, when he was assisting Cook after his escape.

We are satisfied that on the evidence, not all of which has been recited, the jury were warranted in finding that the defendant killed Officer Gorman and was guilty of the offence charged. The defence was an alibi supported by the testimony of the defendant's sister and a friend. This defence presented a question of fact for the jury, and the jury had a right to disbelieve it.

We turn now to the assignments of error pressed by the defendant. Under his eighth assignment the defendant argues that the judge erroneously deprived him of an opportunity to explain why he had lied to the police during the above mentioned interrogations. The rulings complained of occurred in these circumstances. The defendant took the stand and in many respects his testimony differed from statements which he had given to the police during their interrogations. With respect to these inconsistencies the defendant was cross-examined at length, and he admitted that many statements which he had made to the police were false. On redirect examination the following occurred:

"Q. COUNSEL FOR THE DEFENDANT: You have testified as to many lies which you have told the police. Whether or not you were under oath at this time when you were talking

with the police at various cities in the state? A. No, sir, I wasn't. Q. And would you tell us what . . . [your] rea-, son was for — [Objection by the Commonwealth] THE JUDGE: Excluded. Q. And when you were telling these lies, was Mr. Fratus in custody? . . . [At this point, upon objection by the Commonwealth, the judge asked defence counsel to specify what lies he was inquiring about.] Q. When you were telling the lies all during this September 3, 1960 — was Mr. Fratus in custody at that time? A. He was in prison — Q. But he was not in custody with regard to being held as a witness for this trial, is that correct? A. That is correct. Q. When you were telling lies up until the time in May of 1961 that you were confronted by Fratus at a police station, what was your knowledge as to Fratus' whereabouts? [Objection by the Commonwealth] THE JUDGE: Excluded. Q. When did you first know that Fratus was in custody when you were arrested or after you were arrested in May of 1961? [Objection by the Commonwealth] THE JUDGE: Does he know Fratus was in custody? COUNSEL FOR THE DEFENDANT: And did he know Fratus was in custody. THE JUDGE: Excluded. Immaterial. . . . COUNSEL FOR THE DEFENDANT: From the point of view of showing motive, as to lies told. THE JUDGE: As to whether another man is in custody or not? COUNSEL FOR THE DEFENDANT: Yes, your Honor. THE JUDGE: I don't see it, excluded. COUNSEL FOR THE DEFENDANT: May I approach the bench? THE JUDGE: No better take your exception. . . . [Counsel for the defendant took an exception, stated he had no further questions, and the witness was excused. A recess was then taken, after which the following occurred.] THE JUDGE: Let it appear for the record that the Court is reversing its most recent ruling, and will permit the interrogation along the lines posed by counsel for the defendant. You may recall the defendant.'' The defendant was recalled by his counsel and testified further on redirect, but no questions were asked with respect to the line of inquiry which the judge had stated he would permit.

There was no error.

The Commonwealth had subjected the defendant to a very searching cross-examination concerning the numerous lies he had told to the police. In these circumstances the defendant had the right to explain why he had lied. *Commonwealth* v. *Fatalo, ante,* 85. But it is abundantly clear from the portions of the transcript set forth above that the defendant was accorded this right and did not see fit to exercise it.

The defendant's tenth assignment of error is closely related to the assignment just discussed. The judge in his charge referred to the lies told by the defendant and said that they could be considered as evidence of consciousness of guilt. In the course of his charge on this point the judge said, "[The defendant] admits that he lied several times. No explanation has been given why, and you don't know why. And so you have to search into the recesses of his mind to find out why he lied, what was the purpose? Was there a covering up of anything he had done in connection with these offenses? Why was the truth not told? His conduct, and his actions, do they indicate a consciousness of guilt? Do they help you in your search for the truth? Was he implicated? Has he covered up? Was he interested in Cook?"

The defendant argues that the judge, in stating that the defendant had not explained his lies, compounded his prior error in denying him an opportunity to explain. The short answer is that the defendant was not denied this opportunity. He argues further that when the judge told the jury that the defendant had admitted numerous lies he was suggesting that the defendant had lied on the witness stand. There is nothing in this contention. It is perfectly clear that the judge was referring to the lies told out of court. The defendant's request that the judge amplify the charge on this point was rightly refused. The charge on the subject of consciousness of guilt was full and accurate.

We have considered the whole case broadly in accordance with our duty under G. L. c. 278, § 33E, and are of opinion that justice does not require a new trial.

*Judgment affirmed.*