John Joseph **KERRIGAN**, Petitioner,
Appellant,

v.

Palmer C. **SCAFATI**, Superintendent,
Massachusetts Correctional Institution,
Walpole, Respondent, Appellee.

No. 6561.

United States Court of Appeals
First Circuit.

July 1, 1965.

William E. O'Halloran, Newton, Mass.,
for appellant.

Richard S. Kelley, Sp. Asst. Atty. Gen.,
Cambridge, Mass., for appellee.

Before ALDRICH, Chief Judge, LUM-
BARD *, Chief Judge, and LEWIS *,
Circuit Judge.

ALDRICH, Chief Judge.

This is an appeal from the dismissal
of a petition for habeas corpus. Peti-
tioner, hereinafter defendant, was found
guilty of first degree murder of a police-
man by a jury in the Massachusetts Su-
perior Court and sentenced to death.
Three appeals from the conviction and
from the denials of motions for new trial
were unsuccessfully taken. The last ap-
peal was dismissed in an opinion of the
Supreme Judicial Court dated June 8,
1965. Commonwealth v. Kerrigan, Mass.
1965, 207 N.E.2d 882. Contending that
this decision involved his constitutional
rights the defendant, in connection with
a proposed petition for certiorari, re-
quested of Mr. Justice Goldberg a stay
of execution. In refusing the stay the
Justice stated that he did so without
prejudice to the filing of a petition for
habeas corpus in the district court. This
petition followed. No question can be
raised of defendant's failure to exhaust
his other remedies, and none has been.

The district court, apparently satisfied
by its reading of the June 8 opinion that
a constitutional question was not present-

* Sitting by designation.

ed or, if presented, had been fully disposed of, dismissed the petition forthwith, on the moving papers, without opinion.[1] Appeal was promptly taken. We granted a stay the same day and, by consent, heard the appeal on the merits the day following.

Defendant seeks to raise two constitutional issues. One, which he labels confrontation, concerns the receipt of testimony, by a witness who was present during a conversation between the defendant and a third party, of what the third party said to the defendant. The third party's statements were allegedly introduced for the relevancy of the defendant's replies, or lack of replies. With respect to this the Commonwealth says frankly that the constitutional correctness of the June 8 opinion can best be examined by references to the entire transcript, which was not before the district court when it dismissed the petition, and requests that we remand to permit a more comprehensive review. We will so do, without expression of views on the merits, although for procedural reasons we label our action a reversal of the judgment below.

The other issue concerns the admission into evidence of statements made by the defendant to police officers in the absence of counsel. With regard to this the Commonwealth argues that the June 8 opinion was not only correct, but that it is sufficiently clear and complete on its face that we may affirm without further proceedings.

The shooting occurred on September 3, 1960. The defendant was arrested later in the day and questioned at some length. As a result of his exculpatory answers he was released. On April 26, 1961 he was again arrested, questioned, and released. On May 17 he was arrested, allegedly at gunpoint and, allegedly, handcuffed and questioned at various police stations for twenty-one hours, following· which he was arraigned and charged as an accessory after the fact.

Later he was indicted for the murder itself.

Without prejudice to other possible issues that may be raised on remand, we will concentrate on one. The defendant took the stand in his own defense and denied all connection with the crime. His account conflicted, apparently in material particulars, with his prior statements to the police. Statements made on at least the first and third occasions were used against him on cross-examination. Defendant now complains that he was neither warned of his right to refuse to answer questions put by the police, nor apprised of his right to counsel. He states, further, that he affirmatively requested, and was refused, counsel. Particularly with respect to the May 17–18 questioning he cites Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

Passing the perhaps different circumstances attending the earlier interrogations, we note that with respect to the one in May the Massachusetts court determined that the defendant had been informed of his right to counsel, and that he had not affirmatively requested counsel until late in the questioning, after which the "questioning did not continue significantly." It rejected the defendant's assertions to the contrary on the ground that the police affidavits were more credible than his. Under Massachusetts practice, a motion for new trial may properly be decided on affidavits. However, we read the standard of a "full and fair fact hearing," enunciated in Townsend v. Sain, 1963, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770, as requiring more than a choice between conflicting affidavits before a federal court is to be foreclosed from determining disputed facts de novo when constitutional rights are at stake. We can conclude that the court "explored and adequately answered" defendant's claim, see footnote 1, supra, only on the assumption that no constitutional

1. A memorandum accompanying the dismissal stated, simply, that the "questions of law and procedure * * * have been explored and adequately answered" in the June 8 opinion.

rights were involved. Apparently this was the court's position, for it rejected the applicability of Escobedo on the ground that during all of the questioning "the police process * * * had not * * * shifted from 'investigatory to accusatory' * * *."

■ Whether there was an adequate basis in the record to justify the court's conclusions is a mixed question of fact and law, and is not disclosed by the June 8 opinion, standing alone. The record never came before the district court because it summarily dismissed the petition. Even though the Massachusetts court has shown itself fully disposed to recognize the investigatory-accusatory distinction set forth in Escobedo, see Commonwealth v. Guerro, 1965 Mass.A.S. 869, 207 N.E.2d 887, we cannot on the present record determine whether it applied the standard correctly in the case at bar.[2] The district court's action foreclosed its own consideration. Equally it foreclosed ours.

The Massachusetts court did not, we might mention in passing, put its dismissal of defendant's appeal on the ground that Escobedo does not apply to use of improperly obtained statements for impeachment purposes. The propriety of such limited use may be suggested by Walder v. United States, 1954, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503. We cannot decide the applicability of that case without knowing precisely how defendant's statements were used at the trial.

■ The district court's dismissal of the petition without affording the defendant an opportunity to be heard was error. Judgment will be entered vacating the judgment of the district court and remanding the action for further proceedings not inconsistent herewith.

2. The Massachusetts court also appeared to indicate no reluctance to apply Escobedo retrospectively. Although we will not finally decide that question, and par-

ticularly Chief Judge Lumbard does not wish to commit himself on this matter, we will assume for present purposes that it is correct to do so.