M & W CONTRACTORS, INC., Plaintiff,

v.

ARCH MINERAL CORPORATION, Eads Coal Company, Defendants.

Civ. A. No. 71–252.

United States District Court,
S. D. Ohio, E. D.

Dec. 30, 1971.

John C. Graham, of Graham & Graham, Zanesville, Ohio, for plaintiff.

Veryl C. Riddle, Thomas C. Walsh and Charles G. Siebert, of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., and John C. Elam, of Vorys, Sater, Seymour & Pease, Columbus, Ohio, for defendants.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the motions of the defendants Arch Mineral Corporation and Eads Coal Company to dismiss for lack of jurisdiction over the person of the defendants, and for insufficiency of process. These motions are made under the provisions of Rule 12(b) (2) and (4).

The jurisdiction of this Court is invoked under the provisions of Title 28, United States Code, Section 1332. In this action based on a contract entered into between the plaintiff and the defendants, plaintiff seeks declaratory and injunctive relief and damages.

Plaintiff is an Ohio corporation with its principal office at Coshocton,

Ohio. Defendant Arch Mineral Corporation is a Delaware corporation with its principal place of business in the State of Missouri. Defendant Eads Coal Company is a Delaware corporation with its principal place of business in the State of Missouri. It is the law in federal courts that amenability to suit, that is, personal jurisdiction in a diversity case, is governed by the law of the state in which the district court is located. Southern Machine Co. v. Mohasco Industries, 401 F.2d 374 (6th Cir., 1968).

The statute which sets out the personal jurisdiction of Ohio courts is codified at Section 2307.382, Ohio Rev.Code. That section in pertinent part reads as follows:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state . . .

Rule 4.3, Ohio Rules of Civil Procedure provides for service by certified mail on an out of state defendant when the claim on which the complaint is based arises from the out of state defendant's transacting any business in the State of Ohio.

The issue presented by the defendants' motions is whether or not the defendants' contacts meet the minimal requirements of the Ohio jurisdictional statute necessary to render the defendants amenable to service via the Ohio long-arm statutes.

In order to ascertain whether or not this cause of action arises from the transaction of any business in the State of Ohio by the defendants, the Court looks to the affidavits of Paul J. King, who is the Vice President and Treasurer of both the Arch Mineral Corporation and the Eads Coal Company. The Court also looks to the affidavit of R. D. Mulbach, who is the principal shareholder, President and General Manager of the plaintiff corporation. These affidavits establish as an uncontested fact that all of the negotiations prior to the execu-

tion of the contracts took place in Coshocton, Ohio. The negotiations consisted of at least six meetings which took place either in the plaintiff's office in Coshocton, Ohio or in the residence of Mr. William M. Kelce, who was the Vice President of each of the defendant corporations at the time the contracts were executed. Mr. Kelce was and still is a resident of Coschocton, Ohio. It was Mr. Kelce who executed the contracts on the behalf of Arch Mineral Corporation and on behalf of the Eads Coal Company.

While a federal court sitting in a diversity case must look to the "Long-arm" statute of the forum state to decide questions of personal jurisdiction, the due process clause of the Fourteenth Amendment to the United States Constitution imposes limits on the application of such statutes. Moreover, Section 2307.382, Ohio Revised Code, has been interpreted as extending personal jurisdiction to the constitutionally permissible limit. Didactic Corp. v. Welch Scientific Co., 291 F.Supp. 890 (N.D. Ohio E.D., 1968).

The constitutional issue is whether or not defendants' contacts meet the minimal requirement so that maintenance of this suit in an Ohio forum does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The case of Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) characterized the minimum contact as being "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Among the factors to be weighed by the Court in determining if defendant has the necessary minimum contacts are the number of contacts, the nature and quality of the contacts, the source and connection between the cause of action and the contacts, the interest of the forum state and the convenience

of the parties. Aftanase v. Economy Baler Co., 343 F.2d 187 (8th Cir. 1965).

■ Plaintiff bears the burden of establishing the Court's jurisdiction. Oswalt Industries v. Gilmore, 297 F.Supp. 307 (D.Kan.1969).

The Court has searched for judicial precedents which would support plaintiff's contention that contacts as minimal as those in this case satisfy due process and make it reasonable for the defendants to be sued in an Ohio forum. The Court has considered carefully the cases cited by the plaintiff. In Seilon, Inc. v. Brema S.P.A., 271 F.Supp. 516 (N.D.Ohio W.D.1967) defendant had a contact in the Ohio forum not present in this case; namely the presence of his employees in Ohio for training by the defendant.

The case of American Compressed Steel Corp. v. Pettibone Mulliken Corp., 271 F.Supp. 864 (S.D.Ohio, W.D.1967) is distinguishable in that drawings and specifications of custom made machinery were brought into Ohio by the nonresident defendant-seller for approval by the resident purchaser. Furthermore, as the Court noted in Oswalt Industries, Inc. v. Gilmore, *supra,* a review of the case law indicates that while a buyer is frequently successful in asserting jurisdiction in his forum in suits against his vendor, the seller is not so successful in invoking his jurisdiction in suits against his customer. One possible rationale for this difference in result is that in most cases the vendor will have solicited business in the forum state of the purchaser, thus meeting the criterion enunciated in Hanson v. Denckla, *supra.* *American Compressed Steel* fits that pattern. Plaintiff-purchaser had entered into negotiations as a response to the nonresident seller's advertising.

Other courts have rationalized the difference in treatment between a nonresident seller and a nonresident buyer. In Fourth Northwestern National Bank v. Hilson Industries, 264 Minn. 110, 117 N.W.2d 732 (S.Ct.Minn.1962) the Court said at pages 735 and 736:

. . . However, there is a sharp distinction between suing a nonresident seller and invoking § 303.13 against a nonresident buyer.

" * * * The general tendency of courts to require less in the way of *sales* activity to bring a foreign corporation within the jurisdiction of a state has not been accompanied by any parallel lessening of requirements as to *purchasing* activities." (Italics supplied.) Waltham Precision Inst. Co. v. McDonnell Aircraft Corp. (D.Mass.), 203 F.Supp. 539, 541.

* * * * * *

We are not confronted with a relatively defenseless holder of a small claim who is in effect denied justice by being required to travel to a foreign jurisdiction. We have, instead, a corporate resident plaintiff who has taken the initiative in response to a nonresident corporation's inquiries. The nonresident corporation enjoys no particular privilege or protection in purchasing products from the resident seller, none akin to the rights exercised by a party seeking to distribute its products within the forum state. It would seem shortsighted indeed to discourage the sale of Minnesota products to nonresidents by subjecting buyers to our jurisdiction where the contacts are so casual. . . .

See also, Rath Packing Co. v. Intercontinental Meat Traders, Inc., 181 N.W.2d 184 (S.Ct.Iowa 1970); McQuay, Inc. v. Samuel Schlosberg, Inc., 321 F.Supp. 902 (D.Minn.1971).

■ Based on the foregoing, the Court determines that plaintiff has not established the minimal contacts necessary to subject a nonresident buyer to suit in an Ohio forum under the Ohio long arm statute.

Whereupon, the Court determines that defendants' motions are meritorious and they are therefore granted.

This action is hereby dismissed.