## M & W CONTRACTORS, INC., Plaintiff-Appellant,

v.

## ARCH MINERAL CORPORATION and Eads Coal Company, Defendants-Appellees.

### No. 72-1110.

United States Court of Appeals, Sixth Circuit.

Sept. 6, 1972.

John C. Graham, Zanesville, Ohio, for plaintiff-appellant; Graham & Graham, Zanesville, Ohio, on brief.

Thomas C. Walsh, St. Louis, Mo., for defendants-appellees; Veryl L. Riddle, Charles G. Siebert, Bryan, Cave, Mc-Pheeters & McRoberts, St. Louis, Mo., John C. Elam, Vorys, Sater, Seymour & Pease, Columbus, Ohio, on brief.

Before EDWARDS, PECK and KENT, Circuit Judges.

PER CURIAM.

M & W Contractors, Inc., an Ohio corporation, executed two essentially similar contracts with the appellees, Arch Mineral Corporation and Eads Coal Company, under which M & W was to supply all necessary petroleum products and equipment for use in appellees' mining operations during a specified five-year period. Arch Mineral and Eads are Delaware corporations, with their principal places of business in Missouri; Arch Mineral contracted for sale of the petroleum products and equipment at its Alabama mine and the contract with Eads called for sale of the products in Illinois. After commencement of performance on the contracts, M & W brought this breach of contract action against the appellees in the District Court for the Southern District of Ohio. Appellees moved to dismiss the suit, which motions were granted, 335 F. Supp. 972, on the ground that the District Court lacked personal jurisdiction over appellees under the Ohio "long arm" statute, Ohio Revised Code § 2307.382.

The result in this appeal is controlled by our decision in In-Flight Devices Corp. v. Van Dusen Air, Incorporated, etc., 466 F.2d 220 (decided August 10, 1972). In that case jurisdiction was found to have been properly invoked as to a non-resident buyer who actively engaged in substantial interstate business including conducting business in Ohio, who participated vigorously in contract negotiations with an Ohio seller and who entered into a contract calling for a substantial production of goods, the breaking of which allegedly had substantial consequences upon the Ohio seller. We determined this to be fundamentally fair in contrast to the unfairness which would result from asserting jurisdiction

in the typical "mail order" situation. Therein the buyer "is frequently a relatively passive party, simply placing an order, accepting the seller's price and terms as stated in his product advertising and agreeing only to pay a sum upon receipt of the goods." *In-Flight Devices, supra,* (p. 233).

The circumstances of the instant case fit well into the former category, as Arch Mineral and Eads are no "passive purchasers" being unsuspectingly and unfairly dragged into a foreign forum.[1] We regard the presence of meaningful, lengthy negotiations in Ohio, the fact that appellees' Vice President resided in Ohio during the negotiations and that an Ohio corporation, N & W, had a considerable financial interest in the performance of its contracts with the foreign corporations as indicia of the fairness of requiring them to litigate issues arising from the breach of the contracts negotiated in Ohio. *See* Thompson v. Ecological Science Corp., 421 F.2d 467 (8th Cir. 1970).

Upon consideration of the briefs and record and of the arguments of counsel, it appearing that the conclusions of law of the District Court are not in agreement with this Court's decisions in In-Flight Devices v. Van Dusen, Inc., *supra,* and Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968), it is concluded that the judgment of the District Court must be reversed and the cause remanded for further proceedings consistent herewith.

---

1. We note that *In-Flight Devices, supra,* utilized a three-part test in determining the personal jurisdiction of the foreign buyer, Van Dusen Air, Inc., which approach this Court had first recognized in Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968). It is clear that the first two parts of the test of *In-Flight Devices,* 466 F.2d at 226 to 228 were satisfied by the facts of the instant case. First, the defendants purposefully availed themselves of the privilege of acting in the State of Ohio by engaging in contract negotiations in Ohio. Second, the cause of action against the defendants herein arose out of the contractual relationship with the Ohio seller. Thus there remains to be determined only whether the third branch of the test, the sufficiency of the defendant's state contacts, was met. This third branch was paraphrased in *In-Flight Devices, supra,* as follows: "Does the Defendant have sufficient contact with Ohio to make the exercise of jurisdiction over it reasonable?" 466 F.2d at 232.