**Robert Steven HUSKEY**

v.

**John L. HUSKEY, Sr.**

Civ. A. No. 7823.

United States District Court,
E. D. Tennessee, N. D.

Sept. 14, 1972.

Norbert J. Slovis, Lockett, Slovis & Weaver, Knoxville, Tenn., for plaintiff.

Floyd F. Cook, Kokomo, Ind., Myron Ely, Knoxville, Tenn., for defendant.

## ORDER

ROBERT L. TAYLOR, District Judge.

Robert Huskey entered into a contract with his father, John L. Huskey, Sr., which provided for the latter to pay the expenses of the son while he attended college. The contract was executed in Indiana and the defendant father is a resident of that state. The defendant has moved to dismiss because this Court lacks personal jurisdiction over him. Resolving all the questions of fact and reasonable inferences therefrom in favor of the plaintiff, we are left with just a single contract or relationship to the State of Tennessee. That relationship being that when the contract was executed in Indiana it was contemplated by the parties that Tennessee would be the state in which the plaintiff chose to attend college. Plaintiff argues that T.C. A. 20–235(e) gives this Court power to entertain this action. This section provides:

> "20–235. *Jurisdiction of persons unavailable to personal service in state —Classes of actions to which applicable.*—Persons who are nonresidents of Tennessee [and residents of Tennessee] who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
>
> \* \* \* \* \* \*
>
> "(e) Entering into a contract for services to be rendered or for materials to be furnished in this state."

We do not read subsection (e) as being applicable under the facts presented in this case. This section only deals with contracts for services to be rendered or materials to be furnished. It is not our view that the purported contract in issue easily fits into these classifications. The contract here is one between a father and his son for expenses for college. The thrust of this contract does not deal with materials and services in the ordinary meaning of those terms. Thus, we hold that neither T.C.A. 20–235(e) nor any other subsection of that statute is applicable under these circumstances.

We reach this decision by construing the Tennessee Long-Arm Statute and do not deal with any possible due process questions. In this regard it should be noted that the defendant did not transact business in this state or enter the state for any purpose relating to this transaction. In short, there is an absence of contacts with the State of Tennessee with the exception of the relationship discussed previously. We feel that any other reading of the statute in question would present a serious consti-

tutional problem. See generally, In Flight v. Van Dusen Air, Incorporated, 466 F.2d 219 (decided August 10, 1972); M & W Contractors, Inc. v. Arch Mineral Corp., 466 F.2d 1339 (decided Sept. 6, 1972); Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (C.A. 6, 1968); Cassel v. Loyola University, 294 F.Supp. 622 (D.C.Tenn.1968). Although these cases deal with jurisdiction under commercial settings, the policy behind them is even stronger in a noncommercial or personal contract as in the case at bar.

It is, therefore, ordered that defendant's motion to dismiss be, and the same hereby is, granted.