COMMONWEALTH *vs.* JOHN JOSEPH KERRIGAN. May 10, 1976. This is an appeal by the defendant from a denial of his motion for a new trial, filed pursuant to G. L. c. 278, § 29. On September 23, 1961, the defendant was convicted of murder in the first degree, attempted breaking and entering in the nighttime, possession of burglarious implements, unlawful possession of a revolver and conspiracy. In the case before us, Kerrigan seeks to reverse his 1961 convictions on the ground that his credibility was impeached (see G. L. c. 233, § 21) by means of prior convictions which had been obtained in violation of his right to counsel under the Sixth Amendment to the United States Constitution. See *Loper* v. *Beto,* 405 U.S. 473 (1972). We need not summarize the evidence presented at the defendant's trial in 1961, since a thorough recitation of the facts may be found in earlier opinions relating to this case. (The Massachusetts State court convictions were affirmed in *Commonwealth* v. *Kerrigan,* 345 Mass. 508 [1963]. Subsequent denials of motions for new trials were affirmed. 346 Mass. 786, cert. denied sub nom. *Kerrigan* v. *Massachusetts,* 377 U.S. 1004 [1964], and 349 Mass. 295 [1965]. A petition for a writ of habeas corpus was denied by a judge of the United States District Court, District of Massachusetts, and after appeal to the Court of Appeals, the case was remanded for an evidentiary hearing. *Kerrigan* v. *Scafati,* 348 F.2d 187 [1st Cir. 1965]. After a full hearing, the petition was again denied. *Kerrigan* v. *Scafati,* 247 F. Supp. 713 [D. Mass. 1965], aff'd, 364 F.2d 759 [1st Cir.], cert. denied, 385 U.S. 953 [1966].) Kerrigan, by his own testimony on direct examination, offered extensive evidence as to his past record. He contends that he testified about his prior convictions as a matter of tactics, in the expectation that the Commonwealth would in any event introduce them on cross-examination. Following the position that we announced in *Subilosky* v. *Commonwealth,* 358 Mass. 390 (1970), writ denied sub nom. *Subilosky* v. *Moore,* 443 F.2d 334 (1st Cir.), cert. denied, 404 U.S. 958 (1971), we conclude that the defendant may not be permitted to argue prejudice, since he introduced his prior convictions himself. 358 Mass. at 396. See *Shorter* v. *United States,* 412 F.2d 428 (9th Cir. 1969); *Commonwealth* v. *Conner,* 462 Pa. 282 (1975). But see *United States* v. *Penta,* 475 F.2d 92, 93 (1st Cir. 1973). The defendant does not, nor should he, on this record, assert that the evidence of his prior convictions was considered by the jury on any issue other than credibility. Furthermore, we believe that the defendant's credibility before the jury was properly impeached by other evidence far more damaging than the admission of his prior record. The defendant admitted on the stand that he had lied repeatedly to the police when questioned in regard to the murder. See 345 Mass. at 510-511. Therefore, even if we assume that it was error to permit impeachment of the defendant by his prior record, this would constitute harmless error

(see *Chapman* v. *California,* 386 U.S. 18, 24 [1967]), since our examination of the trial transcript discloses that the defendant was discredited by evidence other than that pertaining to the prior convictions and his prior convictions added no more than minimally to the damage already done. See *Tucker* v. *United States,* 431 F.2d 1292 (9th Cir. 1970), aff'd on other grounds, 404 U.S. 443 (1972); *Gilday* v. *Scafati,* 428 F.2d 1027 (1st Cir.), cert. denied, 400 U.S. 926 (1970).

*Order denying new trial affirmed.*

*Albert L. Hutton, Jr.,* for the defendant.
*Alan L. Kovacs,* Assistant District Attorney, for the Commonwealth.