COMMONWEALTH *vs.* GEORGE J. MORGAN, JR. October 30, 1978. 1. There was no error in the admission of the in- and out-of-court identifications of the defendant by the victim and his companion, as the evidence supported the judge's finding that the identification procedures employed by the police were not suggestive. See *Commonwealth* v. *Wheeler,* 3 Mass. App. Ct. 387, 391-392 (1975); *Commonwealth* v. *Underwood,* 3 Mass. App. Ct. 522, 535 (1975); *Commonwealth* v. *Gordon, ante* 230, 237 (1978). 2. There was no error in the successive denials by three judges of the defendant's motions to dismiss the indictments. The defendant relies on the unusual lapse of time between the indictments (June 8, 1972) and trial (March 12, 1976) and the loss by death on June 8, 1974, of a person the defendant alleges would have been a witness in his behalf. (The affidavits the defendant filed in support of his motions to dismiss did not state the expected testimony of the deceased witness.) But the docket entries reveal that, between June 14, 1972, and February 3, 1975, the case was the subject of eleven separate continuance orders, none of which was objected to by the defendant, who was represented by counsel from the outset; that delays during the remainder of 1975 were largely necessitated by the defendant's own pretrial motions; and that the defendant did not raise the speedy trial issue until he filed his first motion to dismiss the indictments on September 26, 1975. The defendant was tried and sentenced within six months thereafter. On these facts there was clearly no violation of G. L. c. 277, § 72A; and, applying the familiar balancing test (*Barker* v. *Wingo,* 407 U.S. 514, 530 [1972]), we hold that the judges' determinations that there was no violation of the defendant's constitutional right were justified, notwithstanding the unusual delay, by the defendant's acquiescence in the greater portion thereof and by the absence of any prejudice accruing to the defendant after he began to press his rights. 3. Because the defendant opened the subject of his prior convictions in his direct testimony, the basis for the district attorney's inquiring into the nature of those convictions did not depend on G. L. c. 233, § 21, and the judge did not err in permitting the district attorney to deviate from the manner in which prior convictions must be proven under that statute. *Commonwealth* v. *Nunes,* 351 Mass. 401, 406 (1966). *Commonwealth* v. *Redmond,* 357 Mass. 333, 337, 339 (1970). *Commonwealth* v. *Kerrigan,* 370 Mass. 859 (1976). See Leach & Liacos, Massachusetts Evidence 125 (4th ed. 1967). 4. The defendant's final contention is without merit, as the brief testimony

of Officer Tsaffaras was relevant for the reason stated by the judge.
                                                              *Judgments affirmed.*
   *Lois M. Lewis* for the defendant.
   *Robert M. Raciti,* Legal Assistant to the District Attorney, for the
Commonwealth.