After a District Court jury trial, the defendant was convicted of assault and battery by means of a dangerous weapon on a family member (the defendant's brother). On appeal the defendant argues: (1) the judge's supplemental jury instruction on self-defense was erroneous, (2) the admission in evidence of prior convictions of the defendant was error, and (3) the evidence was insufficient to support the conviction. We affirm.
Background. The charges arose from events that occurred between the defendant and the victim on July 3, 2014, in the Mattapan section of Boston. Based on the evidence, the jury could have found that the defendant struck the victim in the back of the head and in the face with a blunt object. The victim's injuries included a fractured eye socket, and lacerations to the back of the head, the forehead, and the face under the right eye.
At trial, the defendant proceeded on a theory of self-defense, arguing that the victim was the first aggressor. After the defendant testified that he was "not a violent person" and that he did not have "histories of beating people up," the Commonwealth was allowed to impeach him with prior convictions.
Following the presentation of evidence and closing arguments, the judge provided detailed instructions to the jury. After approximately one hour of deliberation, the jury submitted three questions to the judge.[2] The second question was: "[i]s lack of proportional response an element that would disqualify a self-defense argument?" In her supplemental instruction, the judge read the introductory paragraph and the deadly use of force section of the model jury instruction.
1. Jury instructions. The defendant argues that the judge committed reversible error when she provided the supplemental instruction on self-defense in response to the jury's question regarding proportionality. Where, as here, the defendant failed to object to the instruction at trial, we review the instruction to determine whether any error in the instruction creates a substantial risk of a miscarriage of justice.[3] See Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1967).
"The proper response to a jury question must remain within the discretion of the trial judge, who has observed the evidence and the jury firsthand and can tailor supplemental instructions accordingly." Commonwealth v. Monteagudo, 427 Mass. 484, 488 (1998), quoting from Commonwealth v. Waite, 422 Mass. 792, 807 n.11 (1996). See Commonwealth v. Nelson, 468 Mass. 1, 16 (2014). Further, we must "judge the adequacy of a particular instruction not in isolation but in the context of the entire charge." Commonwealth v. Stokes, 440 Mass. 741, 750 (2004). Judges "need not repeat all or any part of the original instructions" when providing supplemental instructions. Ibid.
Here, the defendant does not challenge the original instructions but claims as error the judge's supplemental instruction provided after the jury question. The defendant contends the judge failed to include an instruction on the use of nondeadly force and failed to instruct the jury that the supplemental instruction should be considered no more or less than the other instructions. However, these omissions cannot be divorced from "the context of the whole charge." Commonwealth v. Carrion, 407 Mass. 263, 270 (1990). The judge specifically tailored her supplemental instruction to respond to a question posed by the jury, not to augment any earlier instructions regarding self-defense. The jury's question to the judge pertained to the proportionality of the response in considering self-defense and the judge's supplemental instruction was in direct response, providing clarity by providing the parameters for when deadly force can be used to defend oneself. The supplemental instruction did not replace the accurate and clear original instructions that the jury received, nor did it create confusion. See Commonwealth v. Sellon, 380 Mass. 220, 233-234 (1980).
Accordingly, we discern no error in the judge's supplemental instruction within the specific context and in light of the entire charge. We also discern no substantial risk of a miscarriage of justice.
2. Prior convictions. Next, the defendant argues that the judge abused her discretion in admitting his 2004 conviction for armed robbery, and his 1998-1999 convictions for assault and battery by means of a dangerous weapon, assault and battery, violation of a restraining order, and witness intimidation. The defendant argues that the prior convictions were admitted to show his alleged bad character and propensity toward violence, and constituted prejudicial error. We do not agree that the prior convictions were admitted for propensity purposes. Instead, they were offered for the narrow purposes of impeaching the defendant and rebutting the defendant's theory that the victim was the first aggressor.
Before the defendant testified, the prosecutor requested permission to impeach the defendant with prior convictions. After a hearing, the judge determined that the 2004 conviction for armed robbery could be admitted, but excluded all of the other prior convictions. However, the judge reserved the right to reconsider her ruling if "the door is opened" by the defendant.
We review a judge's decision allowing evidence of a defendant's prior convictions for impeachment purposes for an abuse of discretion. See Commonwealth v. Little, 453 Mass. 766, 772 (2009). Pursuant to G. L. c. 233, § 21, the prior convictions of a witness, including the defendant, are admissible for impeachment purposes. "Prior convictions may be introduced in the discretion of the judge, who weighs the danger of unfair prejudice that might result from the admission of such evidence against its probative value for impeachment purposes." Commonwealth v. Brown, 451 Mass. 200, 203 (2008). In determining whether the prejudicial effect outweighs the probative value, a judge considers the similarity between the offense being tried and the prior conviction. Ibid.
Here, the judge engaged in the required balancing test and determined that, while the other offenses were too similar, the 2004 armed robbery conviction could be used to impeach the defendant. Assuming the defendant's claim is preserved, we see no abuse of discretion.[4]
While the judge initially excluded the 1998-1999 convictions, she reserved the right to revisit the issue "if [the defendant] were to present on the stand [and] say, I've never been convicted, I'm the type of person who's peace-loving and never been in trouble[,] then that opens the door." When the defendant testified that he was "not a violent person" and didn't have a history of "beating people up," the judge permitted the prosecutor to use the previously excluded convictions to rebut this specific portion of the defendant's testimony. See Commonwealth v. Roderick, 429 Mass. 271, 275 (1999). "Rebuttal evidence of this nature is introduced to impeach the credibility of the witness, but is of a different sort from evidence of prior convictions introduced to impeach the credibility of the defendant generally." Ibid. Here, the initial decision to exclude the evidence of the prior convictions did not provide the defendant leave to unfairly depict himself as a peaceful man who avoided fighting. Once he represented himself as such, the prosecutor was free to impeach the defendant's testimony with the evidence of the prior convictions. See Commonwealth v. Oliveira, 74 Mass. App. Ct. 49, 53-54 (2009).
Furthermore, as identity of the first aggressor was an issue in the case, the judge appropriately allowed evidence of the victim's prior violent acts, as well as the defendant's prior violent acts. See Commonwealth v. Adjutant, 443 Mass. 649, 660-664 (2005) ; Commonwealth v. Morales, 464 Mass. 302, 307-312 (2013). When prior violent acts evidence was introduced as to the defendant and the victim, the judge properly instructed the jury as to the purpose and limitations of such evidence, that is, for use only to evaluate the issue of first aggressor. This instruction was given three times over the course of the trial. The judge also provided similar instructions during her final charge. These instructions effectively limited any unfair prejudice to the defendant arising from admission of the evidence pertaining to the prior acts of violence. We therefore see no abuse of discretion by the judge.
3. Sufficiency of the evidence. The defendant argues that the judge erred in denying his motion for a required finding of not guilty. The defendant contends that the evidence was sufficient to establish that his actions were justified as he acted in self-defense. Further, he argues that there was insufficient evidence of use of a dangerous weapon.
The defendant's arguments are unpersuasive. The Commonwealth presented ample evidence at trial from which the jury could conclude that the defendant committed an assault and battery by means of a dangerous weapon on the victim. The victim testified that as he was walking away from the defendant, he was struck in the back of the head with a blunt object and when he turned around he was struck in the face multiple times with a blunt object. In reviewing the sufficiency of the evidence, we must look at the evidence in a light most favorable to the Commonwealth to determine whether any rational jury could have found the essential elements beyond a reasonable doubt. Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). "The jury are entitled to disbelieve the evidence that the defendant acted in self-defense." Commonwealth v. Fluker, 377 Mass. 123, 128 (1979). The fact "[t]hat contradictory evidence exists is not a sufficient basis for granting a motion for a required finding of not guilty." Commonwealth v. Merry, 453 Mass. 653, 662 (2009). The victim's testimony that the defendant struck him repeatedly with a blunt object was sufficient to permit the jury to infer the use of a dangerous weapon. See Commonwealth v. Merola, 405 Mass. 529, 533 (1989) (Commonwealth need only present evidence that allows jury to infer essential facts). There was no error.
Judgment affirmed.

The defendant only appeals from the supplemental instruction provided by the judge in response to question two.

Counsel conceded at oral argument that there was no objection at trial to the issue being raised on appeal as to the supplemental charge.

See Commonwealth v. Kerrigan, 370 Mass. 859, 859-860 (1976) (there was no abuse of discretion in permitting Commonwealth to impeach defendant with prior convictions, especially where he testified about convictions on direct examination).