Jackson, a Minor, Appellant, *v.* Keske et al., Appellees.

[Cite as Jackson v. Keske, 20 Ohio St. 2d 89.]

(No. 68-433—Decided December 10, 1969.)

*Mr. Jack N. Turoff*, for appellant.

*Messrs. Meyers, Stevens & Rea* and *Mr. Richard F. Stevens*, for appellees.

SCHNEIDER, J.   The General Assembly has authorized the courts of Ohio to ''exercise personal jurisdiction over a . . . [nonresident] . . . as to a cause of action arising from the . . . [nonresident's] [c]ausing tortious injury by an act . . . in this state . . . .'' Section 2307.382, Revised Code.

''When personal jurisdiction is authorized by Section 2307.382 of the Revised Code [1] service of process may be made . . . on the Secretary of State . . . [as] the statutory agent of such . . .[nonresident] . . . .'' (Section 2307.383, Revised Code); and, [2] ''any action or suit may be brought in the county wherein the plaintiff resides or where the cause of action or any part thereof arose.'' (Section 2307.384, Revised Code.)

In accordance with the definition contained in Section 2307.381, Revised Code, we have substituted ''nonresident'' for ''person'' in the foregoing quotation of the so-called ''long-arm'' statutes, our reading of which indicates that their tenor is insistent that the circumstances at the time when jurisdiction *in personam* is sought to be obtained, not when the cause of action arose, actuate their utility.

Only the phrase, ''who acts directly or by an agent,'' which appears in Section 2307.382, Revised Code, after and as the modifier of the word, ''person,'' and which we have omitted from our quotation of that statute indicates a contrary conclusion.   However, the purpose of the inclusion of the phrase at that point was to obviate any construction that a principal might escape the net of the process which ensnared his agent as a result of a transaction or transgression in this state in furtherance, or within the scope of, his principal's business here.

In view of our assessment of the case, we have no cause to rely on the rule imposed upon us by Section 1.11, Revised Code, that remedial statutes are to be liberally construed in furtherance of their purpose.   Thus, it is not

incumbent upon us to review the manifest purpose of "long-arm" statutes. (See *Seilon, Inc.,* v. *Brema* [N. D. Ohio], 271 F. Supp. 516, 518; Note, 35 Cin. L. Rev. 157, 158-62; Pizzedaz, Ohio's Long-Arm Statute, 15 Cleve.-Mar. L. Rev. 363, 364.)

Our statutes authorize jurisdiction over a nonresident who commits a tortious act in Ohio on the grounds that he acted in Ohio. Such person has far less contact with this state than had the appellees in the instant case, who not only acted here but also resided here at the time they committed the alleged tort. We will not, therefore, indulge the inference that the General Assembly intended to confer upon our courts the authority to assume jurisdiction *in personam* over a tortfeasor with less contacts with Ohio than the appellees, but not over the latter.

Appellees urge that indulgence upon us in support of the judgment below by pointing to the difference between the definition of "person" in Section 2307.381, Revised Code, and the Uniform Act as promulgated by the Commissioners on Uniform State Laws. In that draft, "person" *includes* a "citizen or domiciliary" of the forum state. Assuming that the language of the Uniform Act was considered by the General Assembly (appellees have not demonstrated to us that such was the fact) we fail to perceive the effect on their case except to furnish the observation that had the General Assembly adopted that definition, then Section 2307.381 *et seq.,* Revised Code, would have provided an inter-county "long-arm" within the confines of the state. In such case, in suits merely between residents of the state, process could be served in every case by registered mail (Section 2307.383, Revised Code), and venue would lie in the county of residence of the plaintiff or where the cause of action arose (Section 2307.384, Revised Code), thereby rendering vestigial Section 2703.08, Revised Code (service of summons shall be by delivery to the defendant personally or at his usual place of residence), Section 2703.23, Revised Code (service by mail authorized only by local rule of court), and Section 2307.39, Revised Code (except in special cases, venue is in the county where defendant resides or may be summoned).

We hold that a nonresident upon whom process is served pursuant to Section 2307.383, Revised Code, is amenable to the jurisdiction of the courts of Ohio *in personam* for a tortious act in Ohio, notwithstanding he was a resident of the state when the act was alleged to have been committed. Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, DUNCAN and CORRIGAN, JJ., concur.

HERBERT, J., concurs in the syllabus and in the judgment.