Daniel H. EUDAILY, M.D., Defendant
Below, Appellant,

v.

Mabel L. HARMON, as next friend of
Shineka Harmon, a minor, Leonard Har-
mon and Mabel L. Harmon, Individually,
Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Submitted June 9, 1980.

Decided Sept. 4, 1980.

■■■■■■■■■■■■■■■ ■

John J. Schmittinger and Douglas W. Lundblad (argued), Schmittinger & Rodriguez, P.A., Dover, for defendant–appellant Daniel H. Eudaily.

Louis L. Redding, Wilmington, and Leonard L. Williams and Kester I. H. Crosse, Wilmington (argued), for plaintiffs–appellees.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

In this medical malpractice case, we are asked to determine: (1) whether 10 *Del.C.* § 3104,[1] the Delaware Long–Arm Statute, applies to a defendant who was a resident

---

1. 10 *Del.C.* § 3104 provides:

"§ 3104. Personal jurisdiction by acts of nonresidents.

"(a) The term 'person' in this section includes any natural person, association, partnership or corporation.

"(b) The following acts constitute legal presence within the state. Any person who commits any of the acts hereinafter enumerated thereby submits himself to the jurisdiction of the Delaware courts and is deemed thereby to have appointed and constituted the Secretary of State of this State his agent for the acceptance of legal process in any civil action against such nonresident person arising from the following enumerated acts. The acceptance shall be an acknowledgement of the agreement of such nonresident that any process when so served shall have the same legal force and validity as if served upon such nonresident personally within the State, and that such appointment of the Secretary of State shall be irrevocable and binding upon his personal representative.

"(c) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:

"(1) Transacts any business or performs any character of work or service in the State;

"(2) Contracts to supply services or things in this State;

"(3) Causes tortious injury in the State by an act or omission in this State;

"(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

"(5) Has an interest in, uses or possesses real property in the State; or

"(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

"(d) Service of the legal process provided for in this section with the fee of $2 shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than 7 days following the filing of the return of services of process in the court in which the civil action is commenced or following the filing with the court of the proof of the nonreceipt of notice provided for in subsection (g) of this section, the plaintiff or a person acting in his behalf shall send by registered mail to the nonresident defendant, or to his executor or administrator, a notice consisting of a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State of this State, and that under this section such service is as effectual to all intents and purposes as if it had been made upon such nonresident personally within this State.

"(e) Proof of the defendant's nonresidence and of the mailing and receipt or refusal of the notice shall be made in such manner as the court, by rule or otherwise, shall direct.

"(f) The return receipt or other official proof of delivery shall constitute presumptive evidence that the notice mailed was received by the defendant or his agent; and the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent.

"(g) The plaintiff or his counsel of record in the action may within 7 days following the return of any undelivered notice mailed in accordance with subsection (d) of this section other than a notice, delivery of which is shown by the notation of the postal authorities on the original envelope to have been refused by the defendant or his agent, file with the court in which the civil action is commenced proof of the nonreceipt of the notice by the defendant or his agent, which proof shall consist of the usual receipt given by the post office at the time of mailing to the person mailing the registered article containing the notice, the original envelope of the undelivered registered article and an affidavit made by or on behalf of plaintiff specifying:

"(1) The date upon which the envelope containing the notice was mailed by registered mail;

"(2) The date upon which the envelope containing the notice was returned to the sender;

of Delaware at the time the cause of action arose in Delaware but who later, before the time of the commencement of the suit, became a nonresident; and (2) whether § 3104 is operable when the cause of action arose prior to its enactment into law.

## I.

The facts in this appeal are undisputed and are as follows: In September 1978, the plaintiffs filed a complaint against the defendant physician and his hospital alleging that, in September 1976, they had been negligent in the delivery and treatment of the plaintiffs Shineka and Mabel Harmon, respectively. The defendant Daniel H. Eudaily, the physician in charge of the plaintiffs' case, was, at the time of the alleged negligent conduct, a resident of the State of Delaware and was licensed to practice medicine in this State.

"(3) That the notice provided for in subsection (d) of this section was contained in the envelope at the time it was mailed; and

"(4) That the receipt, obtained at the time of mailing by the person mailing the envelope containing the notice, is the receipt filed with the affidavit.

"(h) The time in which defendant shall serve his answer shall be computed from the date of the mailing of the registered letter which is the subject of the return receipt or other official proof of delivery or the notation of refusal of delivery; provided, however, that the court in which the action is pending may, at any time before or after the expiration of the prescribed time for answering, order such continuances as may be necessary to afford the defendant therein reasonable opportunity to defend the action.

"(i) Nothing herein contained limits or effects the rights to serve process in any other manner now or hereafter provided by law. This section is an extension of and not a limitation upon the rights otherwise existing of service of legal process upon nonresidents.

"(j) When jurisdiction over a person is based solely upon this section, only a cause of action arising from any act enumerated in this section may be asserted against him.

"(k) This section does not invalidate any other section of the Code that provides for service of summons on nonresidents. This section applies only to the extent that the other statutes that already grant personal jurisdiction over nonresidents do not cover any of the acts enumerated in this section.

Subsequent to the alleged negligent conduct, but prior to the commencement of this action, Dr. Eudaily left the State to take up residence and practice in the State of Montana. Also within that time period, 10 Del.C. § 3104 was enacted into law; and Eudaily was served with process pursuant thereto.

Eudaily entered a special appearance for the purpose of moving for dismissal of the action for lack of personal jurisdiction. In an impressive opinion, the Trial Judge denied this motion, *Harmon v. Eudaily*, Del. Super., 407 A.2d 232 (1979). The defendant appeals; we affirm.

## II.

The defendant first contends that § 3104 applies only to parties that are nonresident at the time of the occurrence giving rise to the litigation. He argues that § 3104 parallels, in all significant respects, 10 *Del.C.* § 3112,[2] the Delaware Nonresident Motor

"(*l*) In any cause of action arising from any of the acts enumerated in this section, the court may provide for a stay or dismissal of action if the court finds, in the interest of justice, that the action should be heard in another forum."

**2.** 10 *Del.C.* § 3112 states:

"§ 3112. Service of process on nonresident operators of motor vehicles.

"(a) Any nonresident owner, operator or driver of any motor vehicle, who accepts the privilege extended by law to nonresidents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same operated or driven on any public street, road, turnpike or highway of this State shall by such acceptance of the privilege be deemed thereby to have appointed and constituted the Secretary of State of this State, his agent for the acceptance of legal process in any civil action against such nonresident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle is involved. The acceptance shall be a signification of the agreement of such nonresident that any such process when so served shall be of the same legal force and validity as if served upon such nonresident personally within this State, and that such appointment of the Secretary of State shall be irrevocable and binding upon his executor or administrator. Where such nonresident has died prior to the commencement of an action, or where an action has been duly commenced

Vehicle Operator Statute. Since an additional provision, 10 *Del.C.* § 3113,[3] was added by the General Assembly to that Act extending coverage of § 3112 to residents who depart from the State, either temporarily or permanently, subsequent to an accident, it is contended that the absence of such a provision in connection with § 3104

under the provisions of this section by service upon a nonresident who dies thereafter, service of process, and of a writ of scire facias where required, shall be made on the executor or administrator of such nonresident, and upon his successors, in the same manner and on the same notice as is provided in the case of the nonresident himself.

"(b) Service of the legal process provided for in this section with the fee of $2, shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than 7 days following the filing of the return of services of process in the court in which the civil action is commenced or following the filing with the court of the proof of the nonreceipt of notice provided for in subsection (e) of this section, the plaintiff or a person acting in his behalf shall send by registered mail to the nonresident defendant, or to his executor or administrator, a notice consisting of a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State of this State, and that under the provisions of this section such service is as effectual to all intents and purposes as if it had been made upon such nonresident personally within this State.

"(c) Proof of the defendant's nonresidence and of the mailing and receipt or refusal of the notice shall be made in such manner as the court, by rule or otherwise, shall direct.

"(d) The return receipt or other official proof of delivery shall constitute presumptive evidence that the notice mailed was received by the defendant or his agent; and the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent.

"(e) The plaintiff or his counsel of record in the action may within 7 days following the return of any undelivered notice mailed in accordance with the provisions of paragraph (b) of this section other than a notice, delivery of which is shown by the notation of the postal authorities on the original envelope to have been refused by the defendant or his agent, file with the court in which the civil action is commenced proof of the nonreceipt of the notice by the defendant or his agent, which proof shall consist of the usual receipt given by the post office at the time of mailing to the person mailing the registered article containing the notice, the original envelope of the undelivered registered article, and an affidavit made by or on behalf of plaintiff specifying (1) the date upon which the envelope containing the notice was mailed by registered mail, (2) the date upon which the envelope containing the notice was returned to the sender, (3) that the notice provided for in paragraph (b) of this section was contained in the envelope at the time it was mailed, and (4) that the receipt, obtained at the time of mailing by the person mailing the envelope containing the notice, is the receipt filed with the affidavit.

"(f) The time in which defendant shall serve his answer shall be computed from the date of the mailing of the registered letter which is the subject of the return receipt or other official proof of delivery or the notation of refusal of delivery; provided, however, that the court in which the action is pending may, at any time before or after the expiration of the prescribed time for answering, order such continuances as may be necessary to afford the defendant therein reasonable opportunity to defend the action.

"(g) This section is an extension of and not a limitation upon the right otherwise existing of service of legal process, by foreign attachment and otherwise, upon nonresidents or their property in this State.

"(h) In any civil action against a nonresident owner, operator or driver of a motor vehicle pending on the effective date of this section in which it appears to the satisfaction of the court in which the action is pending that service of process has not been attempted or has not been perfected because of the unconstitutionality or a question of the constitutionality of the procedure provided by statute for such service of process, the court upon the application of plaintiff or his attorney made within 60 days following the effective date of this section may permit service of process to be made in accordance with the provisions of this section if the plaintiff or his attorney files with the court within 10 days following the granting of such permission a written application for the issuance of process; provided that such actions shall be deemed to have been commenced upon the date of the filing of the complaint."

**3.** 10 *Del.C.* § 3113 provides:

"§ 3113. Service of process on resident owner and operator of motor vehicles who depart from the State after an accident.

"Section 3112 of this title shall also apply to a resident who departs from the State subsequent to the accident or collision and remains absent therefrom for 30 days continuously, whether such absence is intended to be temporary or permanent, and to any executor or administrator of such resident."

requires the conclusion that it does not apply to parties who were Delaware residents at the time the cause of action arose, but who later became nonresidents. We disagree.

Assuming, arguendo, the correctness of the defendant's underlying assumption that, without § 3113, § 3112 could not have applied to defendants in the posture of the defendant Eudaily in this case, significant differences exist between § 3104 and § 3112: Section 3112 applies to *"[a]ny nonresident* owner, operator or driver of any motor vehicle who accepts the privilege extended by law to nonresidents of this State to operate or drive such motor vehicles . . . ." (Emphasis added). Section 3104, on the other hand, applies to *"any person* who commits any of the acts hereinafter enumerated . . . ." (Emphasis added). As the Superior Court noted, the first mention of nonresidence in the body of § 3104 occurs in the discussion of the mode of service of process. 407 A.2d at 236.

■ In addition, and more conclusively, we find that the construction placed on the Statute by the defendant would ignore its underlying purpose. As the Superior Court persuasively stated:

"The obvious intent of § 3104 is to afford Delawareans a means of redress against persons not subject to personal service within the State. To exempt those who depart from the State, after the alleged commission of a tort, from the reach of a statute, in the absence of language suggesting this intent, would subvert this policy. Such a construction would create a gaping loophole enabling a wrongdoer to escape Delaware jurisdiction by fleeing the State."

407 A.2d at 236. Here, the defendant is attempting to fashion the Act, which was meant to be a sword in the hands of injured plaintiffs, into a shield for those who cause injury to Delaware residents and then flee or leave the State. It is unreasonable to assume that such result was intended by the Legislature.

■ We conclude, therefore, that § 3104 is applicable to residents who become non-

residents after the cause of action arose but before the commencement of the suit. This conclusion is consistent with the generally prevailing rule. E.g., *Conley v. Sousa,* Ky. Supr., 554 S.W.2d 87 (1977); *State v. Davies,* N.Y.Supr.Ct., 24 A.D.2d 240, 265 N.Y. S.2d 358 (1965), *resettled,* 25 A.D.2d 690, 268 N.Y.S.2d 927, *aff'd,* N.Y.Ct.App., 18 N.Y.2d 950, 277 N.Y.S.2d 146, 223 N.E.2d 570 (1966); *Kinchla v. Baumner,* N.H.Supr., 114 N.H. 818, 330 A.2d 112 (1974); *Jackson v. Keske,* Ohio Supr., 20 Ohio St.2d 89, 253 N.E.2d 778 (1966).

### III.

The defendant also argues that § 3104 may not be applied to him because it was enacted subsequent to the alleged acts of negligence giving rise to this litigation. He argues that § 3104, like § 3112, is an implied consent statute; that, therefore, it cannot be applied retroactively because: (a) it is substantive in nature; and (b) consent could not be implied when, at the time of the action complained of, the Statute did not exist. We disagree.

■ As demonstrated, *supra,* § 3104 differs substantially from § 3112. Critical to the issue in question is the following language found in § 3104 that is not present in § 3112:

"(b) The following acts constitute legal presence within the state. Any person who commits any of the acts hereinafter enumerated thereby submits himself to the jurisdiction of the Delaware courts . . . .

"(c) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:

"(1) Transacts any business or performs any character of work or service in the State;

"(2) Contracts to supply services or things in this State;

"(3) Causes tortious injury in the State by an act or omission in this State;

"(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

"(5) Has an interest in, uses or possesses real property in the State; or

"(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing."

10 *Del.C.* § 3104 (b) and (c). This and other language in § 3104, as the Trial Court correctly determined, 407 A.2d at 235, is derived almost completely from § 103 of the Uniform Interstate and International Procedure Act, a "single act" statute.[4] 13 Uniform Laws Annotated § 1.01 *et seq. Uniform Interstate and International Procedure Act* (1975). Compare § 3104(a) with § 1.01; § 3104(c) with § 1.03(a); § 3104(j) with § 1.03(b); § 3104(*l*) with § 1.05; § 3104(k) with § 1.06; and § 3104(i) with § 2.01. Given the great similarity in language and construction of these two Acts, we conclude that § 3104 is not a consent statute as defendant contends, but is a "single act" statute as the Trial Court determined. 407 A.2d at 234–35.

■ The prevailing rule regarding single act statutes is that they are procedural in nature, thus affecting no substantive rights; that, therefore, they may be applied retroactively. E.g., *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Safeway Stores, Inc. v. Scwayder Brothers, Inc.*, Ark.Supr., 238 Ark. 768, 384 S.W.2d 473 (1964); *Hoen v. District Court in and for County of Arapahoe*, Colo.Supr., 159 Colo. 451, 412 P.2d 428 (1966); *Gordon v. Granstedt*, Haw.Supr., 54 Haw. 597, 513 P.2d 165 (1973) (applying California law); *Nelson v. Miller*, Ill.Supr., 11 Ill.2d 378, 143 N.E.2d 673 (1957); *Woodring v. Hall*, Kans.Supr., 200 Kan. 597, 438 P.2d 135 (1968); *Rose v. E.W. Bliss Co.*, Ky.Ct.App., 516 S.W.2d 329 (1974); *Kagan v. United Vacuum Appliance Corporation*, Mass.Supr., 357 Mass. 680, 260 N.E.2d 208 (1970); *Hunt v. Nevada State Bank*, Minn. Supr., 285 Minn. 77, 172 N.W.2d 292 (1969); *Scheidegger v. Greene*, Mo.Supr., 451 S.W.2d 135 (1970); *State v. District Court of Fourth Judicial District*, Mont.Supr., 148 Mont. 22, 417 P.2d 109 (1966); *Longines–Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, N.Y.Ct.App., 15 N.Y.2d 443, 261 N.Y. S.2d 8, 209 N.E.2d 68 (1965); *Kilbreath v. Rudy*, Ohio Supr., 16 Ohio St.2d 70, 242 N.E.2d 658 (1968); *Walke v. Dallas, Inc.*, Va.Supr., 209 Va. 32, 161 S.E.2d 722 (1968).

■ We agree with the rule thus generally prevailing. Section 3104 does not alter any substantive right the defendant may have; it merely designates a jurisdiction in which the dispute may be determined. In the absence of controlling *forum non conveniens* factors, as here, we perceive no basic unfairness in bringing a former resident back into our courts when, at the time the cause of action arose in Delaware, the defendant was fully amenable to process in Delaware as a resident.

The defendant attempts to invoke the rule of *Monacelli v. Grimes*, Del.Supr., 99 A.D.2d 255 (1953) to prevent retroactive application of § 3104. In that case, this Court held that the provisions of § 3112, as then written, could not be applied retroactively to a defendant. The basis of that decision was not, as the defendant asserts, that § 3112 is substantive in nature and could not be applied retroactively. That decision rested on the conclusion that the procedure for service of process, as outlined at that time by § 3112, denied the defendant a substantive right guaranteed by the

---

4. A "single act" statute is a type of long-arm statute establishing jurisdiction over nonresidents on the basis of a single act done or transaction engaged in by the nonresident with-

in the state. See *Hoen v. District Court in and for County of Arapahoe*, Colo.Supr., 159 Colo. 451, 412 P.2d 428, 429 (1966) and Annot., 19 A.L.R.3d 138, 140–43 (1968).

Due Process Clause: the right to notice.[5] No such claim of lack of notice under § 3104 has been made by the defendant in the instant case. Accordingly, we find *Monacelli* inapposite.

We conclude that § 3104 may be applied retroactively and is applicable to the defendant in this case.

\* \* \*

Affirmed.

**5.** The 1953 version of § 3112 contained a revision which provided that the State was to give notice to nonresident defendants prior to substituted service on the Secretary of State. The old law had required completed service on the Secretary of State prior to notification of the defendant. The plaintiff in *Monacelli* had filed an action pursuant to the old law after the effective date of the 1953 code. The cause of action had arisen prior to the effective date of the 1953 code.

The Court in *Monacelli* rejected the defendant's contention that the 1953 rule be given retroactive application, stating:

"[A] codification that abrogated entirely the statutory requirement that notice of the suit should be sent to the non–resident defendant could not be deemed a procedural change operating retrospectively, since it would destroy the right as well as the remedy. \* \* All would agree, we think, that such a change would be one of substance, and that under the provisions of Title 1, § 104, it would not affect an accrued cause of action. This is not to say that strictly procedural amendments to a statute of this kind may not be held applicable to actions accrued prior to the adoption of the amendment. \* \* \* But are the changes we are considering of that character?

"In the instant case what has been done is to cast doubt upon the efficacy of the remedy, and hence to that extent impair the substantive right, by importing into the statute a method of notice to the defendant which fails to give him notice of actual service upon the statutory agent. As heretofore indicated, the necessary effect has been to raise a doubt as to the sufficiency of the new method of service to meet the requirements of due process."

99 A.2d at 267.