# IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARTINA URIBE and
CARLOTA URIBE,

     Appellants Below-
     Appellants,

v.

MARYLAND AUTOMOBILE
INSURANCE FUND,

     Appellee Below-
     Appellee.

§
§
§   No. 596, 2014
§
§   Court Below:  Superior Court
§   of the State of Delaware in and
§   for New Castle County
§
§
§   C.A. No. N13A-09-014
§
§
§

Submitted: May 06, 2015
Decided: May 21, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VAUGHN**, Justices.

## ORDER

On this 21st day of May 2015, it appears to the Court that:

(1) Appellants-below/Appellants Martina and Carlota Uribe (the "Appellants") appeal from a Superior Court order affirming a Court of Common Pleas order granting Appellee-below/Appellee Maryland Automobile Insurance Fund's ("MAIF") motion to dismiss for lack of personal jurisdiction.[1] The Appellants raise two claims on appeal.   First, they argue that the Superior Court incorrectly interpreted

---

[1] Unless otherwise indicated, the facts and procedural history are taken directly from the Superior Court's order affirming the Court of Common Pleas' dismissal of the case. *Uribe v. Maryland Auto. Ins. Fund*, 2014 WL 4942340, at *1 (Del. Super. Sept. 30, 2014).

Delaware's Long-Arm Statute, 10 *Del. C.* § 3104. Second, they argue that the Superior Court erred by applying the incorrect standard for personal jurisdiction under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Because we find the Appellants failed to articulate any basis for the Court of Common Pleas to assert personal jurisdiction over MAIF under Delaware's Long-Arm Statute, we affirm. We do not reach the Appellants' due process claim.

(2) On April 12, 2013, the Appellants, two Delaware residents, were involved in an automobile accident in Delaware while riding in a vehicle owned and operated by the Appellants' sister, Ofelia Contreras. Contreras's vehicle was registered in Maryland and insured through MAIF. MAIF is an agency of the State of Maryland that was created for the purpose of providing vehicle insurance to eligible Maryland residents who are unable to obtain insurance through a private Maryland insurance provider.[2]

(3) In June 2013, the Appellants filed suit against MAIF in the Court of Common Pleas to recover personal injury protection ("PIP") benefits under Delaware's No-Fault Statute, 21 *Del. C.* § 2118,[3] for the injuries they suffered in the car accident. In August 2013, MAIF filed a motion to quash and dismiss the Complaint on the basis that the Court of Common Pleas lacked personal jurisdiction

---

[2] *See* Md. Code Ann.. Ins. § 20-301 (discussing the purpose of MAIF).
[3] 21 *Del. C.* § 2118.

2

over MAIF under Delaware's Long-Arm Statute. After hearing oral arguments on the issue, the Court of Common Pleas granted MAIF's motion.

(4) In September 2014, the Superior Court affirmed the Court of Common Pleas' order granting MAIF's motion to dismiss. The Superior Court held that "[t]he Court of Common Pleas correctly found that it lacked personal jurisdiction over MAIF because [the] Appellants failed to make a *prima facie* showing that the provisions of the Long-Arm Statute apply to MAIF."[4] This appeal followed.

(5) "The question of *in personam* jurisdiction involves mixed questions of fact and law."[5] "We will accept the trial judge's findings of fact so long as they are the product of an orderly and logical deductive process and are sufficiently supported by the record."[6] "We will review questions of law *de novo*."[7]

(6) "Delaware courts apply a two-step analysis to determine whether the court has *in personam* jurisdiction over a non-resident defendant."[8] "[We] must first consider whether the long-arm statute applies, and then evaluate whether exercise of jurisdiction would violate the Due Process Clause . . . ."[9] Under Delaware's Long-Arm Statute, a court may exercise personal jurisdiction over a nonresident who:

---

[4] *Uribe*, 2014 WL 4942340 at *3.
[5] *Plummer v. Sherman*, 861 A.2d 1238, 1242 (Del. 2004) (citing *Moss v. Prudential–Bache Secs., Inc.*, 581 A.2d 1138, 1140 (Del.1990)).
[6] *Id.* (citing *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del.1972)).
[7] *Id.* (citing *Moss*, 581 A.2d at 1140).
[8] *Chadwick v. Metro Corp.*, 2004 WL 1874652, at *3 (Del. 2004).
[9] *Id.*

3

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.[10]

"Delaware's Long-Arm Statute is a 'single act' statute, meaning that jurisdiction can be imposed on a non-resident defendant who engages in a single transaction in the forum state" so long as the cause of action arises out of a jurisdictional act addressed in the Statute.[11]

(7) The Appellants contend that the Superior Court misinterpreted Delaware's Long-Arm statute when it affirmed the Court of Common Pleas' decision that it could not exercise personal jurisdiction over MAIF. The Appellants make a number of arguments with regard to this claim.

(8) First, they contend that the "single act of Appellee's insured vehicle being

---

[10] 10 *Del. C.* § 3104(c).

[11] *State Farm Mut. Auto. Ins. Co. v. Dann*, 794 A.2d 42, 47 (Del. Super. 2002) (citing *Transportes Aereos de Angola v. Ronair, Inc.*, 544 F. Supp. 858 (D. Del. 1982)); *Eudaily v. Harmon*, 420 A.2d 1175, 1180 (Del. 1980).

4

involved in an accident in Delaware satisfies" the Long-Arm Statute for the purpose of finding personal jurisdiction over MAIF.[12] In other words, the Appellants contend that because the car accident happened to take place in Delaware, the Court of Common Pleas had personal jurisdiction over MAIF pursuant to 10 *Del. C.* § 3104(c)(3), which provides: A non-resident defendant is subject to personal jurisdiction in Delaware when that person, "(3) Causes tortious injury in the State by an act or omission in this State . . . ."[13] In support of this argument, the Appellants rely on the Superior Court's decisions in *Tri-State Motor Transit Co. v. Intermodal Transportation, Inc.* and *State Farm Mut. Auto. Ins. Co. v. Dann.*[14]

(9) In *Tri-State Motor Transit Co.*, a truck owned by Intermodal Transportation, Inc. and insured by Allied Fidelity Insurance Company ("Allied") was involved in a multi-vehicle accident in Delaware.[15] When Allied became insolvent, insurance coverage was assumed by the Ohio Insurance Guaranty Association ("OIGA") pursuant to the Ohio Insurance Guaranty Association Act.[16] A declaratory action was filed in the Superior Court to determine whether OIGA was legally

---

[12] Appellant's Op. Br. at 6.

[13] 10 *Del. C.* § 3104(c)(3). Although the Appellants do not expressly state in their Opening Brief that they are relying on this provision, the case law they cite makes clear that they are attempting to invoke § 3104(c)(3) of Delaware's Long-Arm Statute.

[14] *Tri-State Motor Transit Co. v. Intermodal Transp., Inc.*, 1991 WL 1772907 (Del. Super. June 3, 1991); *Dann*, 794 A.2d at 42.

[15] *Tri-State Motor Transit Co.*, 1991 WL 1172907, at *1.

[16] *Id.*

5

prohibited from making any liability payments on the part of Intermodal.[17] Although OIGA was not a named party in the lawsuits filed by the plaintiffs, the court determined that it was responsible for the tortious acts of Allied's insured,[18] and thus subject to personal jurisdiction under 10 *Del. C.* § 3104(c)(3). Specifically, the Superior Court stated: "In the present case, the single, direct, specific contact which is enough to allow jurisdiction in the Delaware courts is clear; *the tort occurred in Delaware.*"[19]

(10) Similarly, in *Dann*, the defendant, a Maryland resident driving in Delaware, struck the vehicle of the plaintiff, a Delaware resident, while she was stopped at a red light.[20] The defendant's car was registered under Maryland law and insured by a Maryland insurance company, State Auto Insurance ("State Auto").[21] The plaintiff's car was insured pursuant to Delaware law by State Farm Mutual Automobile Insurance Company ("State Farm"), which paid her PIP benefits for the injuries she suffered in the collision.[22] State Farm thereafter filed suit against the defendant in the Court of Common Pleas to recover the PIP benefits paid on the plaintiff's behalf.[23] When the defendant moved to dismiss the complaint on the basis

---

[17] *Id.*

[18] *Id.* at *6.

[19] *Tri-State Motor Transit Co.*, 1991 WL 1172907, at *1 (emphasis added).

[20] *Dann*, 794 A.2d at 44.

[21] *Id.*

[22] *Id.*

[23] *Id.*

6

that State Farm could only recover through the defendant's insurer under a subrogation claim, State Farm attempted to amend the complaint to include State Auto.[24] Although the Court of Common Pleas found that State Farm was required to seek a subrogation claim, it concluded that State Farm had failed to show that the court could exercise personal jurisdiction over State Auto. Thus, the court denied State Farm's motion to amend and dismissed the claim.[25] State Farm appealed to the Superior Court.

(11) In reversing the Court of Common Pleas' decision, the Superior Court, relying primarily on its decision in *Tri-State Motor Transit Co.*, found that the defendant had committed a tortious act within Delaware's borders, and was thus subject to personal jurisdiction under 10 *Del. C.* § 3104(c)(3). Specifically, the court stated, "[T]he single act which rendered State Auto subject to jurisdiction in Delaware occurred on March 25, 1998, when State Auto's insured, [the defendant], while driving in Delaware, collided with [the plaintiff's] vehicle."[26]

(12) *Tri-State Motor Transit Co.* and *Dann* are readily distinguishable from the case at bar. Unlike those cases, which sounded in tort, the instant action is an alleged 21 *Del. C.* § 2118 no-fault matter. The Appellants have not alleged a tort was

---

[24] *Dann*, 794 A.2d at 44.
[25] *Id.*
[26] *Id.* at 48.

7

committed in this case that would render MAIF subject to personal jurisdiction under 10 *Del. C.* § 3104(c)(3). Further, despite the Appellants' contention, neither *Dann* nor *Tri-State Motor Transit Co.* stand for the proposition that an insurer is subject to personal jurisdiction in any state in which one of its insured is involved in a no-fault car accident. We find Section 3104(c)(3) of Delaware's Long-Arm Statute to be inapplicable.[27]

(13) The Appellants next argue that the Superior Court erred by failing to properly consider evidence that favored the exercise of personal jurisdiction over MAIF under 10 *Del. C.* § 3104(c)(1), which provides: A non-resident defendant is subject to personal jurisdiction in Delaware when that person, "(1) Transacts any business or performs any character of work or service in the State . . . ."[28] Specifically, they contend that the following constitute transacting business for the purpose of Section 3104(c)(1): MAIF's filing of several insurance-related suits in Delaware, a filing made by MAIF in the New Castle County Recorder of Deeds Office, and MAIF's "regular transactions with Delaware that result from [MAIF] providing insurance to motorists in an adjacent state."[29] We find no merit to this

---

[27] This Court has not been asked to address the question that was at issue at *Dann* and *Tri-Star Motor Transit Co.* and therefore we simply address the Appellants' arguments straightforwardly, by indicating that whether or not those cases are good law, they do not support a ruling in the Appellants' favor.

[28] *Del. C.* § 3104(c)(1).

[29] Appellant's Op. Br. at 8.

8

argument.

(14) In *LaNuova D & B, S.p.A. v. Bowe Co., Inc.*, we addressed the scope of Section 3104(c)(1), stating:

> [T]he transaction of business or performance of work . . . in the State, may supply the jurisdictional basis for suit only with respect to claims which have a nexus to the designated conduct. Where personal jurisdiction is asserted on a transactional basis, even a single transaction is sufficient if the claim has its origin in the asserted transaction.[30]

(15) In this case, the Appellants have failed to offer any action MAIF has taken in Delaware that derives from the issues that are the focus of this appeal, *i.e.*, the collision and insurance policy. Instead, the Appellants point to conduct wholly unrelated to the issues at bar, such as a miscellaneous real estate deed filed by MAIF in the New Castle County Recorder of Deeds Office and several unrelated lawsuits filed by MAIF against Delaware residents not party to this appeal. These lawsuits have no connection to the collision that took place in this case or to the insurance policy under which the Appellants were allegedly covered. In effect, the Appellants argue that the reach of Section 3104(c)(1) should be expanded to include any and all conduct performed by a defendant company in Delaware, even if that conduct has no relation whatsoever to the subject of the action at issue. This position finds no

---

[30] *LaNuova D & B, S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768 (Del. 1986); *see also Crescent/Mach I P'rs, L.P. v. Turner*, 846 A.2d 963, 978 (Del. Ch. 2000) ("[A] single transaction is sufficient to confer jurisdiction where the claim is based on that transaction.") (internal quotations omitted).

9

support in Delaware case or statutory law, and we find no reason as to why it should be adopted here.

(16) Moreover, MAIF's selling of insurance in a State in close proximity to Delaware, does not, without more, constitute "doing business" for the purpose of finding personal jurisdiction under Section 3104(c)(1) of Delaware's Long-Arm Statute. MAIF is not licensed to do business in Delaware and does not write insurance in Delaware. Doing business nearby Delaware is not analogous to doing business within Delaware. Thus, this argument is without merit.

(17) Finally, the Appellants contend that the Superior Court should have found personal jurisdiction under *Del. C.* § 3104(c)(4), which provides: A non-resident defendant is subject to personal jurisdiction in Delaware when that person, "(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State . . . ." This argument fails for the same reasons the Appellants' argument regarding *Del. C.* § 3104(c)(3) does—there was no tort alleged in this case. Thus, Section 3104(c)(4) does not apply.

(18) The Appellants have failed to show that MAIF was subject to personal jurisdiction under any provision of Delaware's Long-Arm Statute. Accordingly, we

10

find that the trial court did not err in affirming the Court of Common Pleas' dismissal of the action.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

Justice