**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| WARREN K. MABEY, JR. and Krystal Mabey, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No.: N16C-12-015 EMD |
| CRYSTALITE BOHEMIA, S.R.O., CRYSTALITE BOHEMIA, INC. d/b/a CRYSTALITE BOHEMIA USA, a New York Corporation, HOMEGOODS, INC., a Delaware Corporation, THE TJX COMPANIES, INC., a Delaware Corporation, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Submitted: October 31, 2017
Decided: February 6, 2018

*Upon Defendant Crystalite Bohemia, S.R.O.'s Motion to Dismiss,*
***Conditionally Granted Pending Jurisdictional Discovery***

**DAVIS, J.**

## I. INTRODUCTION

Krystal Mabey purchased a set of Crystalite Bohemia "Barbara" style wine glasses (the "Glasses") at a HomeGoods store in Delaware. Ms. Mabey took the glasses home where one shattered while in the possession of Warren Mabey. As a result, Mr. Mabey suffered injuries requiring medical treatment.

On December 1, 2016, Ms. Mabey and Mr. Mabey (collectively "The Mabeys") filed a complaint (the "Complaint") against Crystalite Bohemia, S.R.O. ("Bohemia SRO"); Crystalite Bohemia, Inc. d/b/a Crystalite Bohemia USA ("Bohemia USA"); HomeGoods, Inc.,

("HomeGoods"); and The TJX Companies, Inc. ("TJX"). In the Complaint, the Mabeys allege that Bohemia SRO or Bohemia USA manufactured and distributed the Glasses.

Bohemia SRO filed a Motion to Dismiss (the "Motion") for lack of personal jurisdiction and failure to state a claim. Bohemia SRO is a foreign corporation based in the Czech Republic. Plaintiffs filed an Answering Brief in Partial Opposition to Defendant Crystalite Bohemia, S.R.O.'s Motion to Dismiss Plaintiffs' Complaint Pursuant to Rules 12(b)(2) and 12(b)(6) (the "Opposition"). Plaintiffs oppose the Motion claiming Delaware has constitutional jurisdiction over Bohemia SRO. In the alternative, Plaintiffs request jurisdiction discovery (the "Request").

For the following reasons, the Court will conditionally **GRANT** the Motion, pending limited jurisdictional discovery by the Mabeys of Bohemia SRO.

## II. RELEVANT FACTS

Defendant Bohemia SRO "owns and operates glass factories in Czech Republic and designs, manufactures, sells, markets, ships, exports, and distributes" Crystalite Bohemia "Barbara" style wine glasses all over the world.[1] Bohemia Inc. d/b/a Bohemia USA operates the United States branch office of Bohemia SRO.[2] Bohemia SRO is the parent company of Bohemia Inc. and Bohemia USA.[3]

In February 2012, Mrs. Mabey purchased the Glasses at a HomeGoods retail store located at the Midway Shopping Center, 4607 Kirkwood Highway, Wilmington, Delaware 19808 ("Midway HomeGoods").[4] TJX is the parent company of HomeGoods.[5] On December 2, 2014, one of the Glasses spontaneously shattered and injured Mr. Mabey while he used the glass

---

[1] Compl. ¶ 13.
[2] *Id.* at ¶ 14.
[3] *Id.* at ¶ 15.
[4] *Id.* at ¶ 10.
[5] *Id.* at ¶ 9.

as "intended and in a manner reasonably foreseeable by Defendants."[6] The broken glass cut Mr. Mabey's right wrist and forearm.[7] Mr. Mabey required "medical treatment, was caused pain and suffering, was prevented from pursuing usual activities, has incurred economic loss, and has permanent disabilities that will affect plaintiff."[8]

In the Complaint, the Mabeys assert eleven counts: (i) Negligence against Bohemia SRO; (ii) Breach of Warranty against Bohemia SRO; (iii) Negligence against Bohemia Inc. d/b/a Bohemia USA; (iv) Breach of Warranty against Bohemia Inc. d/b/a Bohemia USA; (v) Negligence against Homegoods, Inc.; (vi) Breach of Warranty against Homegoods, Inc.; (vii) Negligence against TJX; (viii) Breach of Warranty against TJX; (ix) Vicarious Liability against Bohemia SRO; (x) Vicarious Liability against TJX; and, (xi) Loss of Consortium against Defendants.[9] The Mabeys seek general damages, special damages, punitive damages relating to any reckless conduct, pre-judgment interest, post-judgment interest, costs, and any other just and equitable relief.

On July 26, 2017, Bohemia SRO filed the Motion. Lubor Cerva provided an affidavit (the "Affidavit") in support of the Motion.[10] On August 18, 2017, the Mabeys filed the Opposition. On October 23, 2017, the Court held a hearing on the Motion (the "Hearing"). At the Hearing, Bohemia SRO argued that: (1) Bohemia SRO is a foreign corporation; and (2) Bohemia SRO transferred the glasses in a foreign country without any intention to target Delaware. The Court ordered Bohemia SRO to file an additional affidavit to support the statements made by Bohemia SRO's counsel at the Hearing.

---

[6] *Id.* at ¶ 17-18.
[7] *Id.* at ¶ 17.
[8] *Id.* at ¶ 19.
[9] *Id.* at ¶ 22-96.
[10] Mot., Ex. A

On October 31, 2017, Bohemia SRO filed the Affidavit of Lubor Cerva ("Cerva Affidavit"). Mr. Cerva is the owner of Bohemia SRO. Mr. Cerva attests that only one factory in the Czech Republic produced the "Barbara" glasses. A HomeGoods agent contacted Mr. Cerva in the Czech Republic "to inquire whether it would be possible for HomeGoods to purchase Crystalite glassware, including the Barbara glasses."[11] HomeGoods purchased glasses from the factory in the Czech Republic, not FOB. Bohemia shipped the glasses to HomeGoods warehouse distribution centers. No designated distribution center is located in Delaware. Finally, Mr. Cerva states that Bohemia SRO "had no marketing plan or effort aimed at either Delaware specifically or the United States more generally."[12]

### III. PARTIES' CONTENTIONS

#### A. MOTION TO DISMISS

Bohemia SRO seeks to dismiss the entire action against Bohemia SRO based on lack of personal jurisdiction. Bohemia SRO argues that they do not fall within one of the categories of Delaware's long-arm statute, 10 *Del. C.* § 3104 ("Section 3104"). Bohemia SRO further states that Delaware's exercise of personal jurisdiction over Bohemia SRO would violate Due Process.

If the Court does find that Delaware may exercise personal jurisdiction over Bohemia SRO then Bohemia SRO challenges the Mabeys' claims for negligence, breach of warranty, vicarious liability, and loss of consortium. Bohemia SRO argue that the Mabeys failed to plead a direct injury. Further, Bohemia SRO argue that the breach of warranty claim is time-barred and fails to state a claim. Next, Bohemia SRO argue that the Mabeys agreed to "discontinue with prejudice their claims against [Bohemia Inc.], any attempt to hold [Bohemia SRO] vicariously

---

[11] Cerva Aff. ¶ 4.
[12] *Id.* ¶ 8,

4

liable for the alleged conduct of [Bohemia Inc.] . . . must be dismissed as moot."[13] Finally, Bohemia SRO argues that the Mabeys were not married at the time of the injury; therefore, there is no cause of action for loss of consortium.

In support of the Motion, Bohemia SRO attached the Affidavit.[14] In the Affidavit, Mr. Cerva states that Bohemia SRO is a foreign company, does not have contacts with Delaware, and that one of their two factories "never produce the 'Barbara' glasses."[15] After the Hearing, Bohemia SRO submitted the Cerva Affidavit. The Cerva Affidavit states that Bohemia SRO did not target Delaware and that title of the glasses passed in the Czech Republic.[16]

## B. OPPOSITION

The Mabeys argue that Delaware does have personal jurisdiction over Bohemia SRO under dual jurisdiction. The Mabeys concede that the Court does not have general or specific jurisdiction. In the alternative, the Mabeys ask the Court to grant jurisdictional discovery.

The Mabeys concede that their breach of warranty and loss of consortium claims should be dismissed. However, the Mabeys argue that their negligence claim is well-pleaded. Next, the Mabeys argue that the parties agreed to not pursue vicarious liability unless discovery reveals a potential claim against Bohemia SRO.

## IV. STANDARD OF REVIEW

### A. RULE 12(B)(2)—LACK OF PERSONAL JURISDICTION

Upon a motion to dismiss under Superior Court Civil Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff "bear[s] the burden to articulate a non-frivolous basis for this court's

---

[13] Mot. ¶ 17.
[14] *Id.*, Ex. A.
[15] *Id.*
[16] Cerva Aff. ¶ 33.

5

assertion of jurisdiction."[17]  The plaintiff can satisfy this burden "by making a *prima facie*

showing that jurisdiction is conferred by statute."[18]  Although the factual record is read in the

light most favorable to the plaintiff in ruling on the motion, "the plaintiff must plead specific

facts and cannot rely on mere conclusory assertions."[19]  Additionally, the Court must answer two

legal questions.  "First, it must determine whether jurisdiction is appropriate under Delaware's

long arm statute.  And, second, it must evaluate whether asserting such jurisdiction would offend

the Due Process Clause of the Constitution."[20]

## B.  12(B)(6) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Upon a motion to dismiss, the Court (i) accepts all well-pleaded factual allegations as

true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of

the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only

dismisses a case where the plaintiff would not be entitled to recover under any reasonably

conceivable set of circumstances.[21]  However, the court must "ignore conclusory allegations that

lack specific supporting factual allegations."[22]

As set forth below, the Court finds that the Mabeys fail to allege facts that support the

exercise of personal jurisdiction over Bohemia SRO.  As such, the Court will not, at this time,

address whether the Mabeys have failed to state claims for negligence, breach of warranty,

---

[17] *IM2 Merch. & Mfg., Inc. v. Tirex Corp.*, 2000 WL 1664168, at *4 (Del. Ch. Nov. 2, 2000) (citing *Hart Holding Co. Inc. v. Drexel Burnham Lambert Inc.*, 593 A.2d 535, 539 (Del. Ch. 1991)).  *See also In re Asbestos Litig. (Anderson)*, 2015 WL 556434, at *3 (Del. Super. Jan. 30, 2015); *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1154 (Del. Super. 1997), *aff'd*, 707 A.2d 765 (Del. 1998); *Greenly v. Davis*, 486 A.2d 669, 670 (Del. 1984); *Harmon v. Eudaily*, 407 A.2d 232, 233 (Del. Super. 1979), *aff'd*, 420 A.2d 1175 (Del. 1980).
[18] *McKamey v. Vander Houten*, 744 A.2d 529, 531 (Del. Super. 1999).
[19] *Mobile Diagnostic Grp. Holdings, LLC v. Suer*, 972 A.2d 799, 802 (Del. Ch. 2009).
[20] *Boone*, 724 A.2d at 1154–55. *Sample v. Morgan,* 935 A.2d 1046 (Del. Ch. 2007) (citing A*eroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.,* 871 A.2d 428, 438 (Del. 2005).
[21] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy,* No. 09C-09-136, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[22] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).

6

vicarious liability, and loss of consortium. In the event the Mabeys develop facts during jurisdictional discovery that support personal jurisdiction, the Court will then address whether Bohemia SRO is entitled to relief under Civil Rule 12(b)(6).

## V. DISCUSSION

To establish jurisdiction, the Court must first determine whether Bohemia SRO's actions fall within one of the categories in Section 3104.[23] Then, the Court must decide whether asserting personal jurisdiction over Bohemia SRO would offend Due Process.

### A. Sufficient Facts Exist to Suggest Dual Jurisdiction

Delaware's long-arm statute, Section 3104, allows the Court to exercise personal jurisdiction over a non-resident when that person:

> (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply services or things in this State; (3) Causes tortious injury in the State by an act or omission in this State; (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State. . . .[24]

Dual jurisdiction exists out of contacts with Delaware arising from Section 3104(c)(1) and (c)(4). "However, one must take great care not to overemphasize §§ 3104(c)(1) or (c)(4) under this analysis. It is not important that the indicia of activity under § 3104(c)(4) rise to a level of 'general presence' as usually required."[25] Rather, the Court should analyze the activities "to determine whether there is an intent or purpose on the part of the manufacturer to serve the Delaware market with its product."[26] Similarly, "when analyzing § 3104(c)(1) it is not important that the manufacturer itself act in Delaware. Instead, if the intent or purpose on behalf of the

---

[23] Plaintiffs concede that Delaware does not have general or specific jurisdiction over Bohemia SRO. *See* Opp. at 6.
[24] 10 *Del. C.* § 3104(c)(1)-(4).
[25] *Boone,* 724 A.2d at 1158.
[26] *Id.*

manufacturer to serve the Delaware market results in the introduction of the product to this State and plaintiff's cause of action arises from injuries caused by that product, this section is satisfied."[27]

In *Hedger v. Medline Industries, Inc.*, plaintiffs filed suit against a manufacturer and distributor of tracheostomy care kits.[28] Plaintiffs were injured by one of the kits in Dover, Delaware.[29] The manufacturer filed a declaration that set forth that the manufacturer was a Hong Kong corporation with its principle place of business in China.[30] Additionally, the declaration provided that the manufacturer did not have any significant ties to Delaware and that the distributor was independent of the manufacturer.[31] Further, the declaration stated that the manufacturer made the kits in China, title passed in China, and the distributor arranged shipment of the product from China to the United States.[32]

The *Hedger* Court found that there was a possibility of dual jurisdiction drawing every reasonable inference in favor of the plaintiffs.[33] In applying Section 3104, the *Hedger* Court provided that "[t]he district court has consistently held, at least for purposes of the long-arm statute, that '[a] non-resident firm's intent to serve the United States market is sufficient to establish an intent to serve the Delaware market, unless there is evidence that the firm intended to exclude from its marketing and distribution efforts some portion of the country that includes Delaware.'"[34] However, the Court also noted a conflict between these decisions and *J. McIntyre*

---

[27] *Id.*
[28] 2017 WL 396770, at *1.
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Hedger v. Medline Industries, Inc.*, 2017 WL 396770, at *7 (Del. Super. Jan. 27, 2017) (quoting *DNA Genotek Inc. v. Spectrum DNA*, 159 F. Supp. 3d 477, 481 (D. Del. 2016); *Power Integrations, Inc. v. BCD Semiconductor*, 547 F. Supp. 2d 365, 373 (D. Del. 2008)). *But see Nicastro*, 564 U.S. at 886; *Delaware Intellecutal Ventures I LLC v. Ricoh Co.*, 67 F.Supp. 3d 656, 661 (D. Del. 2014) (finding that Delaware lacked dual jurisdiction over a foreign

8

*Machinery, Ltd. v. Nicastro,* 564 U.S. 873 (2011)[35]—the relevance of which is discussed in the next section dealing with whether exercising dual jurisdiction would be constitutional in this situation.

In this case, the Mabeys do not allege a direct connection between Bohemia SRO and the Midway HomeGoods. The Mabeys, they assert that Bohemia SRO placed the Glasses in the stream of commerce. The Cerva Affidavit indicates that Bohemia SRO manufactured the Glasses in the Czech Republic, sold the Glasses in the Czech Republic, and did not target Delaware.[36] In fact, Mr. Cerva states that a "Polish 'agent' of defendant HomeGoods . . . contacted [Mr. Cerva] in the Czech Republic to inquire whether it would be possible for HomeGoods to purchase Crystalite glassware. . . ."[37] However, when drawing every reasonable inference in favor of the Mabeys at this early stage, it is possible that Bohemia SRO targeted the United States market in general.

**B. The Exercise of Dual Jurisdiction Could be Constitutional In This Case**

The next question is whether exercising personal jurisdiction over Bohemia SRO would offend traditional notions of fair play and substantial justice.[38] To determine if a forum court meets this standard, the United States Supreme Court created fairness factors. They include: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in convenient and effective relief, (4) interstate or international judicial system's interest in most efficient resolution of controversies, and (5) shared interest of the several states of countries in furthering fundamental substantive social policies.[39]

---

corporation because there was no evidence that the foreign corporation had the requisite intent to sell its products in Delaware and the products could not be directly purchased online).

[35] *See id* at *5 n.26.
[36] *See* Cerva Aff'd.
[37] *Id.*
[38] *See Intl. Shoe Co.*, 326 U.S. at 316.
[39] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

The United States Supreme Court further examined the constitutional limits of personal jurisdiction based on stream of commerce in *J. McIntyre Machinery, Ltd. v. Nicastro*.[40]  In *Nicastro*, the Court found, in a plurality decision, that a state cannot exercise personal jurisdiction over a foreign defendant

> where the only contacts between the defendant and the forum were (1) an independent company's agreement to sell the defendant's products in the United States, (2) attendance by some of the defendant's employees, alongside employees for the distributor, at annual conventions in various states outside the forum, and (3) the sale of no more than four machines that ended up within the forum.[41]

Justice Kennedy's plurality opinion focused on the defendant's actions rather than the defendant's expectations.[42]  The "analysis must focus on whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct."[43]  Secondly, "because the United States is a distinct sovereign, a defendant may in principle be subject to the jurisdiction of the courts of the United States but not of any particular state."[44]

Justice Breyer's concurring opinion focused on the Court's analysis in *Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty*, 480 U.S. 102 (1987).[45]  Justice Breyer looked at the three possible implications of the stream of commerce:

> (1) something more than simply placing a product into the stream of commerce, even if the defendant is awar[e] that the stream may or will sweep the product into the forum state, (2) a sale that occurs as part of the regular and anticipated flow of commerce into the State, . . . or (3) a regular course of dealing as shown by the volume, the value, and the hazardous character of a good.[46]

---

[40] 564 U.S. 873 (2011).
[41] *Hedger*, 2017 WL 396770 at *7 (citing *Nicastro* 564 U.S. 873).
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.*

Applying the plurality opinion's holding, the Court finds that the Mabeys have not shown that Bohemia SRO purposely availed itself to Delaware although the Mabeys did show that Bohemia SRO targeted the United States market. Targeting the broader United States market is insufficient under the plurality holding of *Nicastro*.

In *Hedger*, this Court conducted a constitutional analysis of dual jurisdiction regarding similar facts.[47] The Court analyzed the plurality and concurring opinions in *Nicastro*.[48] The *Hedger* Court then turned to its facts[49] and found that the plaintiff did not meet the plurality or concurring opinions in *Nicastro* to establish the constitutionality of applying dual jurisdiction.[50] However, the Court determined it was proper for the plaintiff to conduct jurisdictional discovery.[51]

In this case, the Mabeys' allegations fail to demonstrate that exercising personal jurisdiction over Bohemia SRO would be constitutional. Although the Mabeys showed that the wine glasses ended up in Delaware, the Mabeys must allege that there is a regular and anticipated flow of Bohemia SRO products in the Delaware market. Instead, the Complaint connects either Bohemia SRO or Bohemia SRO's subsidiary to the Delaware market. After the Hearing, Bohemia SRO submitted the Cerva Affidavit. Although the Cerva Affidavit appears to dispense of the Mabeys' assertion of personal jurisdiction over Bohemia SRO, the connection

---

[47] *Id.* at *7-8.

[48] *Id.* at *7.

[49] *See* Part V.A.i.

[50] *Hedger*, 2017 WL 396770 at *8. *But see Crane v. Home Depot, Inc.*, 2008 WL 2231472 (Del. Super. May 30, 2008) (finding that Delaware could exercise personal jurisdiction over a foreign company where foreign company's CEO visited stores in the United State to promote the sale of his product, was aware that Home Depot is a national retailer, most of the foreign company's witnesses are located in Illinois, and the State of Delaware has a significant interest in litigating a case involving injury to a Delaware resident from product purchased at a local store); *see also Boone v. Oy Partek Ab*, 724 A.2d 1150, 1157-62 (Del. Super 1997) *aff'd Oy Partek AB v. Boone*, 1998 WL 138690 (Del. 1998) (stating that Delaware properly exercised dual jurisdiction over a foreign manufacturer who passed title of goods outside of Delaware, but had an intent and purpose to serve the Delaware market and the foreign company solicited business in Delaware).

[51] *Hedger*, 2017 WL 396770 at *8-9.

11

between Bohemia SRO and the Midway HomeGoods is sufficient to survive the Motion subject to jurisdiction discovery discussed in Part V.A.iii. But, the jurisdiction dispute depends on whether the Mabeys can find adduce facts to support their position.

## C. Jurisdiction Discovery is Warranted in This Case

The Court finds that the Mabeys are entitled to jurisdiction discovery if the assertion of personal jurisdiction is minimally plausible. "It is relatively rare but not unheard of that a court will require a plaintiff to attempt to make out its *prima facie* factual showing of defendant's amenability to suit without the benefit of discovery."[52] A plaintiff "may not ordinarily be precluded from reasonable discovery in aid of their attempt to prove that a defendant is subject to the jurisdiction of the Court," but "plaintiffs are not entitled to jurisdictional discovery where their assertion of personal jurisdiction lacks the minimal level of plausibility needed to permit discovery to go forward."[53]

The Mabeys have not established that Bohemia SRO is subject to Delaware's long-arm statute and that exercising jurisdiction over Bohemia SRO comports with Due Process. However, the Mabeys at least created a plausible argument that could support constitutional exercise of dual jurisdiction in the Complaint. Therefore, the Court will allow the Mabeys to conduct limited discovery regarding the exercise of dual jurisdiction over Bohemia SRO in Delaware.

## VI. CONCLUSION

For the reasons stated above, the Motion is conditionally **GRANTED** as follows:

---

[52] *Hart Hldg. Co. v. Drexel Burnham Lambert Inc.*, 593 A.2d 535, 539 (Del. Ch. 1991).

[53] *Hedger*, 2017 WL 396770 at *8 (quoting *In re Asbestos Litig.*, 2016 WL 7404547, at *2 (Del. Super. Oct. 17, 2016)) (internal quotations omitted); *see also Hart Hldg.*, 593 A.2d at 539 (citing *Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982) (stating that "[w]hen a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss. . . . In appropriate cases [the Court] will not hesitate to reverse a dismissal for lack of personal jurisdiction, on the ground that plaintiff was improperly denied discovery. . . .").

1.       The Mabeys must provide written notice to the Court within five (5) business days as to whether they want to conduct limited jurisdictional discovery of Bohemia SRO;

2.       If the Mabeys choose not to conduct limited jurisdictional discovery of Bohemia SRO, then Bohemia SRO is **DISMISSED** from this civil proceeding without further Order of the Court;

3.       If the Mabeys choose to conduct limited jurisdictional discovery of Bohemia, then the Mabeys must complete that discovery no later than the end of the day on April 20, 2018 AND submit a brief in support of personal jurisdiction (the "Supporting Brief") no later than 4 p.m. on Wednesday, April 25, 2018.  If the Mabeys file the Supporting Brief, Bohemia SRO shall have ten (10) days from the date the Supporting Brief is filed to file a reply brief (the "Reply Brief").  The Supporting Brief and the Reply Brief shall not exceed 1500 words.

**IT IS SO ORDERED**.

Dated: February 6, 2018
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge