**Gloister ROSE, Jr., Appellant,**

**v.**

**E. W. BLISS COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1974.

Frank E. Haddad, Jr., Harris J. Berman, Louisville, for appellant.

H. B. Kinsolving, III, Kinsolving & Kinsolving, Shelbyville, C. Alex Rose, Louisville, Thomas F. Manby, Jr., LaGrange, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment dismissing appellant's claim against the appellees, each of whom is a nonresident corpo-

**330**

ration, for lack of jurisdiction over the parties.

Appellant instituted this action to recover for injuries sustained by him as a result of alleged negligence of the nonresident appellees in the manufacture and design of certain machinery and a breach of implied warranty as to its fitness for use.

Appellant's injury occurred on June 8, 1968. KRS 454.210 (the long-arm statute) became effective June 13, 1968. This action was filed June 3, 1969. It sought to bring the nonresident appellees before the court by means of KRS 454.210.

Each of the nonresident appellees by answer questioned the jurisdiction of the court over the parties upon the sole ground that KRS 454.210 became effective subsequent to the alleged injury of the appellant and had no application to the case.

KRS 454.210 does not affect the substantive rights of a litigant but designates a procedure whereby jurisdiction may be obtained over nonresident defendants. Its application is not precluded by the fact that the injury to a claimant on which the action is based occurred before the effective date of the statute when the action, as here, was filed subsequent to the effective date. Miller v. Trans World Airlines, Inc., 302 F.Supp. 174 (E.D.Ky. 1969). See Annotation 19 A.L.R.3rd 138 at page 146.

In the order of dismissal the trial court noted that the complaint failed to specifically allege that the nonresident appellees were transacting business in this Commonwealth. The complaint did allege however that the Secretary of State of Kentucky is deemed to be the statutory agent of each of the nonresident appellees pursuant to KRS 454.210 "in that this claim arises from one or more of the Acts set forth in said statute" by the nonresident appellees.

Whether or not the nonresident appellees have actually engaged in activities which render them subject to the provisions of KRS 454.210 is a question of fact, and it should not be decided upon the question of the specificity of the pleadings in view of the fact that the nonresident appellees' sole attack upon the applicability of the statute rested upon the ground that its effective date was subsequent to the date of the injury.

The present state of the record does not show that there is no material issue of fact to be decided with respect to the applicability of the statute and that the nonresident appellees are entitled to judgment as a matter of law upon the ground of lack of jurisdiction.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.