RENDERED:  OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0277-MR

MATTHEW VALENTINE
APPELLANT

v.
APPEAL FROM MARSHALL CIRCUIT COURT
HONORABLE ANDREA L. MOORE, JUDGE
ACTION NO. 21-CI-00265

SAMSUNG SDI CO., LTD
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, L. JONES, AND TAYLOR, JUDGES.

JONES, L., JUDGE:  Matthew Valentine filed a products liability action against Samsung SDI Co., Ltd (Samsung) for injuries he suffered when a battery allegedly manufactured by Samsung which Valentine used to power a vaping device exploded.  The Marshall Circuit Court concluded it lacked personal jurisdiction over Samsung and dismissed Valentine's claim.  We affirm.

## I.  Factual and Procedural History

Valentine filed this action against Samsung and Benton Vapor Emporium, LLC, the Kentucky shop where he purchased the battery at issue. Samsung, a Korean business entity, asserted the Marshall Circuit Court lacked personal jurisdiction over it.

Samsung presented the affidavit of Heuiseob Shin, a principal engineer and authorized representative of the company, who averred that Samsung had its principal place of business in South Korea; had no employees or agents in Kentucky; was not licensed to do business in Kentucky; and did not have a bank account, personal property, real property, an office, or a telephone number in Kentucky.

The affidavit also admitted Samsung manufactured the type of battery which Valentine alleges caused his injuries.  However, according to the affidavit, those batteries were designed to be incorporated into battery packs which are used to provide power to products such as power tools and contain battery management systems which, among other things, protect against fires.  The battery at issue was not designed for use as a standalone power source for a vaping device.  According to the affidavit, Samsung does not sell the type of battery at issue to individual consumers in Kentucky or elsewhere; instead, it sells them in bulk to sophisticated companies who utilize them in battery packs.  The affidavit stated Samsung has no

control over its customer's subsequent use of the batteries, and Samsung refuses to sell the type of battery at issue to any customer connected to the vaping industry. In addition, Samsung placed warning labels on the batteries stating they were not to be used for vaping products.

The trial court allowed Valentine to conduct jurisdictional discovery before concluding it lacked jurisdiction over Samsung. Following that, Valentine filed this appeal.

We have examined the parties' briefs and the voluminous record but shall only discuss the arguments and citations to authority necessary to resolve the limited issues before us, the remainder being without merit or lacking sufficient relevancy. *Schell v. Young*, 640 S.W.3d 24, 29 n.1 (Ky. App. 2021). Finally, Valentine has resolved his claims against the Kentucky shop where he obtained the battery so we shall not further discuss those claims.

## II. Analysis

### A. Standards of Review

The only issue before us is whether the Marshall Circuit Court has personal jurisdiction over Samsung. Our Supreme Court has set forth the parameters governing our review of that issue as follows:

> When a lawsuit is filed in Kentucky against a non-resident defendant, the plaintiff carries the burden of establishing jurisdiction over the defendant. Because the circuit court did not conduct an evidentiary hearing on

the issue of personal jurisdiction in considering [defendant's] motion to dismiss . . . [plaintiff] need only make a prima facie showing of jurisdiction. [Plaintiff] can meet this burden by establishing with reasonable particularity sufficient contacts between [defendant] and the forum state to support jurisdiction.

The question of whether our courts may exercise personal jurisdiction over [defendant] is an issue of law, and so our review is *de novo.*

*Hinners v. Robey*, 336 S.W.3d 891, 895 (Ky. 2011) (internal quotation marks, citations, and footnote omitted).

### B.  Kentucky's Long-arm Statute

Kentucky's long-arm statute which determines whether the Courts of the Commonwealth can exercise jurisdiction over a non-resident defendant is Kentucky Revised Statutes (KRS) 454.210.  In *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011), our Supreme Court overruled prior opinions to the contrary and concluded KRS 454.210 did not extend jurisdiction over nonresidents to the full extent allowed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Instead, the Court held that jurisdictional analysis over nonresidents follows two steps:

First, review must proceed under KRS 454.210 to determine if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories.  If not, then *in personam* jurisdiction may not be exercised.  When that initial step results in a determination that the statute is applicable, a second step of analysis must be taken to determine if

-4-

exercising personal jurisdiction over the non-resident defendant offends his [or her or its] federal due process rights.

*Beach*, 336 S.W.3d at 57.

However, in 2024 the General Assembly amended KRS 454.210(2), so it now provides in relevant part that "[a] court may exercise personal jurisdiction over a person who is a party to a civil action on any basis consistent with the Constitution of Kentucky and the Constitution of the United States . . . ." In short, the General Assembly has legislatively superseded *Beach* and directed Kentucky courts to recognize that KRS 454.210 extends to the limits of due process. Valentine asserts we should apply the new version of KRS 454.210.

### C. Retroactivity of KRS 454.210

Valentine understandably did not ask the trial court to analyze jurisdiction under the 2024 amendments to the long-arm statute. Indeed, he could not have done so because those amendments did not take effect until after he filed this appeal. Consequently, the trial court did not (and was unable to) analyze whether it had jurisdiction over Samsung under the 2024 amendments.

Nonetheless, Valentine asserts the 2024 amendments are clearly retroactive and applicable. The retroactivity of the amendments is not beyond reasonable dispute.

On the one hand, "the General Assembly is not required to recite 'magic words' if the enactment make[s] it apparent that retroactivity was the intended result. Further, the rule against retroactive application does not extend to remedial statutes in which new rights and duties are not created." *Thompson v. Killary*, 683 S.W.3d 641, 646 (Ky. 2024) (internal quotation marks and citations omitted).

On the other hand, there is no express retroactivity language in the enabling legislation for the 2024 amendments, and KRS 446.080(3) provides that "[n]o statute shall be construed to be retroactive, unless expressly so declared." Moreover, federal courts (albeit in unpublished cases) have concluded the amendments are not retroactive.[1]

Valentine argues the amendments must be deemed retroactive pursuant to *Rose v. E. W. Bliss Co.*, 516 S.W.2d 329 (Ky. 1974). In *Rose*, an injury occurred prior to the initial adoption of KRS 454.210 but the action for relief from that injury was filed after the statute became effective. *Id.* at 330. Our state's then-highest court tersely held that the statute applied to the case because:

> KRS 454.210 does not affect the substantive rights of a litigant but designates a procedure whereby jurisdiction may be obtained over nonresident defendants. Its application is not precluded by the fact that the injury to a claimant on which the action is based occurred before the

---

[1] *See, e.g.*, *Bell v. Kokosing Industrial, Inc.*, No. 23-5791, 2024 WL 3549581, at *5 (6th Cir. Jul. 26, 2024).

effective date of the statute when the action, as here, was filed subsequent to the effective date.

*Id.* However, neither Valentine's complaint nor this appeal was filed "subsequent to the effective date" of the 2024 amendments.

Ultimately, deciding whether the amendments were retroactive would require us to resolve an issue which was never raised in the trial court. Of course, we may affirm a trial court on alternate grounds. *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014). However, the alternate grounds must have been "brought to the trial court's attention and [be] otherwise supported by the record." *Klein v. Flanery*, 439 S.W.3d 107, 122 (Ky. 2014). Indeed, our Supreme Court has stated a party "is not allowed" to raise an issue "for the first time on appeal in support of reversing the lower court . . . ." *Mark D. Dean, P.S.C.*, 434 S.W.3d at 496. That is exactly what Valentine has done because the retroactivity (and application of) the 2024 amendments was never raised in the trial court.

Our Supreme Court has frequently stated that "[a]n appellate court 'is without authority to review issues not raised in or decided by the trial court.'" *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) (citations omitted). That principle has been colloquially distilled to the maxim that "[a]s an appellate court, we review judgments; we do not make them." *Klein*, 439 S.W.3d at 122. In fact, Kentucky's then-highest court held that "[i]t is an unvarying rule

-7-

that a question not raised or adjudicated in the court below cannot be considered when raised for the first time in this court." *Combs v. Knott Cnty. Fiscal Court*, 283 Ky. 456, 141 S.W.2d 859, 860 (1940). Nonetheless, though not discussed by the parties, our Supreme Court recently varied from the "unvarying rule" in the previously cited *Thompson.* 683 S.W.3d at 645.

*Thompson* involved unique attempts by the General Assembly to revive claims for childhood sexual assault which would otherwise have been time-barred by extending the statute of limitations. *Id.* at 644. Because the statutory amendments took effect during the pendency of the appeal, the trial court obviously had not addressed their impact. Our Supreme Court decided to address the new amendments and its entire explanation for doing so is as follows:

> At the outset, we believe that analysis of the 2021 amendments to KRS 413.249 is appropriate and necessary in this instance. Although typically, "[a] question not raised nor adjudicated in the circuit court will not be addressed by this court," *Benefit Ass'n of Ry. Emps. v. Secrest*, 239 Ky. 400, 39 S.W.2d 682, 687 (1931), "[w]hen the facts reveal a fundamental basis for decision not presented by the parties, it is our duty to address the issue to avoid a misleading application of the law." *Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky. 1991). Here, the parties did not argue the 2021 amendment before the trial court for the simple reason that the amendment had yet to come into existence. We believe that full adjudication of the issues on appeal requires us to address the now in-effect statutory provision, particularly because the issues presented here are purely legal and the various statutory amendments at play are so

> intertwined as to make ignoring the current version all
> but impossible.

*Id.* at 645. The impact of *Thompson* upon the "unvarying rule" preventing an appellate court from resolving issues which had not been adjudicated by a trial court seems to be a matter of first impression.

Upon reflection, we respectfully conclude *Thompson* is a unique, distinguishable case. *Thompson* involved "shifting goalposts of the statute of limitations" and explicit retroactivity language. *Id.* at 646. By contrast, there is no express retroactivity language for the 2024 amendments to the long-arm statute here. Moreover, *Thompson* did not state that the usual rule preventing an appellate court from addressing issues not first adjudicated by the trial court was no longer generally applicable. Instead, the Court in *Thompson* seemed to implicitly believe that the case's facts were so unique and its procedural history so tangled that it was a rare exception to the "unvarying rule" against an appellate court addressing matters which were not presented to the trial court. *Id.* at 645.

Without further guidance from the Supreme Court, we do not find the underlying facts of this case to be so rare or unique as to warrant the creation of a new exception to the limits of appellate review. Also, "[w]hether or not the nonresident appellees have actually engaged in activities which render them subject to the provisions of KRS 454.210 is a question of fact," *Rose*, 516 S.W.2d at 330, but "appellate courts are not fact-finders . . . ." *Calhoun v. CSX Transp.,*

-9-

*Inc.*, 331 S.W.3d 236, 245 (Ky. 2011). We decline to be the initial factfinder regarding whether Samsung's activities cause it to be subject to the jurisdiction of Kentucky courts under the new amendments to the long-arm statute.

In short, we conclude the traditional principles requiring us to refrain from addressing issues which have not been presented to, and resolved by, the trial court should apply, notwithstanding *Thompson*, and so we shall respectfully decline to address the retroactivity of the 2024 amendments and their potential impact on the jurisdictional issues presented in this appeal. That decision does not facially cause Valentine to suffer irreparable harm. KRS 413.270(1) generally allows a party to commence a new action within ninety days after an action the party filed in good faith is dismissed due to lack of jurisdiction.[2]

Valentine cites KRS 413.270(1) and argues that if we affirm the trial court's conclusion that it had no jurisdiction over Samsung under the old version of the long-arm statute he will simply "sue Samsung in the appropriate venue . . .

---

[2] KRS 413.270 provides:

> (1) If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

> (2) As used in this section, "court" means all courts, commissions, and boards which are judicial or quasi-judicial tribunals authorized by the Constitution or statutes of the Commonwealth of Kentucky or of the United States of America.

under the *new* long-arm statute." Reply Brief at 4. So be it. We express no opinion on the permissibility of that potential course of action.

We also decline Valentine's request to remand the case at this juncture with instructions for the trial court to address the 2024 amendments. We are confident the trial court will be called upon to undertake that analysis if Valentine again seeks relief in that court. At this juncture, however, it would be unnecessarily premature for us to order the trial court to address those matters.

In sum, since it is not absolutely necessary for us to abandon the usual rules governing the proper scope of our review to address matters which were never presented to the trial court, we shall not address the retroactivity of the current version of KRS 454.210 nor apply that version to this appeal.

## D. Former Version of KRS 454.210

We agree with the trial court that it lacked jurisdiction over Samsung under the former version of KRS 454.210. In relevant part, the trial court held:

> Unfortunately, Plaintiff has not submitted any evidence that Samsung sold a product in Kentucky, [or] directed products towards Kentucky or a state that borders Kentucky. Samsung has filed affidavits that show they have never distributed, advertised, marketed, or sold 18650 RLIB [batteries] directly to consumers in Kentucky or anywhere else as standalone, replaceable batteries. Further, Samsung has not authorized any other entity to do so. Therefore, the Court concludes, for the reasons stated above, an analysis is not needed regarding whether the exercise of personal jurisdiction would violate the Due Process Clause . . . .

R. at 1897. Valentine has not shown that analysis is erroneous. In fact, Valentine does not substantively address jurisdiction under the former version of the long-arm statute, choosing instead to argue that the 2024 statutory amendments apply here. Valentine thus has waived any arguments about the trial court's analysis of jurisdiction under the former version of the statute because "[a]rguments not pursued on appeal are deemed waived." *Garland v. Commonwealth*, 458 S.W.3d 781, 785 (Ky. 2015).

In sum, we affirm the trial court's conclusion that it lacked jurisdiction over Samsung under the former KRS 454.210. Therefore, we decline to address whether exercising jurisdiction over Samsung would offend due process principles. *Beach*, 336 S.W.3d at 59.

### III. Conclusion

For the foregoing reasons, the Marshall Circuit Court is affirmed.

COMBS, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Kevin S. Dalia
David Michael Grimes
San Francisco, California

Daniel Scott Stratemeyer
William Lucas McCall
Paducah, Kentucky

BRIEF FOR APPELLEE:

Judd Richards Uhl
Craig M. Schneider
Lexington, Kentucky